FREEMAN v. MILLEN.

TRIAL—EVIDENCE—VERDICT AGAINST GREAT WEIGHT OF EVIDENCE SHOULD BE SET ASIDE.
    In an action to recover attorney's fees and expenses and a balance alleged to be due on the sale of real estate, where the evidence that plaintiff was engaged as attorney for defendants in regard to a certain contract and that he rendered services and incurred expense in connection therewith was undisputed, the verdict in favor of defendants should have been set aside, on plaintiff's motion, as against the great weight of the evidence.

Error to Washtenaw; Sample (George W.), J. Submitted October 10, 1923. (Docket No. 66.) Decided December 19, 1923.

Assumpsit by Amariah F. Freeman against Homer C. Millen and another for attorney's fees and expenses and a claimed balance due on the purchase of certain real estate. Judgment for defendants. Plaintiff brings error. Reversed.

*A. F. Freeman* (*Frank B. De Vine* and *John F. Jordan,* of counsel), *in pro. per.*

*Arthur Brown* and *Cavanaugh & Burke,* for appellees.

McDONALD, J.    This action is brought to recover attorney's fees and expenses and the balance alleged to be due on the purchase price of certain real estate in the city of Ann Arbor.    It is the plaintiff's claim that on March 24, 1919, he sold to the defendants a house and lot in the city of Ann Arbor; that the purchase price was $10,500; that on this $9,500 was paid in cash on the delivery of the deed; that the balance was to be paid in accordance with the terms of a written agreement made at the time of the deed, which provided for the payment of $500 in cash on or before six months from date, and in lieu of the payment of the remaining $500 of the purchase price, the defendants were to include 25 shares of the plaintiff's stock in the Michigan Portland Cement Company in an expected sale within ten days of 50 shares of their stock at $60 a share; that this sale was not made; that the $500 was not paid, and that the $500 due and owing six months from the date of the sale was not paid. The plaintiff is suing to recover both of these $500 items, which he claims represent the balance of the purchase price of the house and lot.    In addition to this $1,000 the plaintiff's bill of particulars includes three items, for legal services and expenses, and an item of $31.12 which he was compelled to pay as the result of having guaranteed an account for the defendants.

On their part the defendants say that the $9,500 which they paid on delivery of the deed was the entire consideration for the purchase price of the property; that they did not sign an agreement to pay the two items of $500 each, as the plaintiff claims; that

the part of the agreement upon which the plaintiff bases his claim to recover extra consideration for the sale of the house and lot was lined out before it was signed; that they never employed the plaintiff to perform the legal services charged for and did not authorize him to spend any money in their behalf, and that they are not indebted to him in any sum whatever.

The issues thus made up were twice tried.    Both verdicts were against the plaintiff.    The first was set aside by the circuit judge and a new trial granted. He refused to set aside the second verdict and entered a judgment thereon for the defendants.    The plaintiff asks to have that judgment reversed principally upon the ground that the verdict on which it is based is against the clear weight of the evidence.

We think that as to some of the particulars of his claims the plaintiff is right.    That he performed services for the defendants and expended money in their behalf at the direction of the defendant Homer C. Millen, is not disputed by any competent evidence. The defendants seek to evade payment only on the ground that under a written contract which they had with one Thompson of Chicago, he was to pay all of plaintiff's fees and expenses pertaining to the matter for which the charges were made.    Without going into the details of the subject-matter of that contract, it is sufficient for our purpose to say that the defendants and Thompson had entered into a contract wherein it was provided that Thompson should intervene in an existing suit in which the defendants were interested as parties, and which involved the stock and business of the Michigan Portland Cement Company. This contract provided that Thompson was to pay all expenses, and while the contract was in effect he seems to have done so.    In September, 1919, Thompson, exercising his rights under the contract, gave written

notice to the defendants that he had withdrawn from
it.    The defendant Homer C. Millen took the matter
up with Mr. Simpson of Detroit, who was his financial
advisor, and who had been active in securing the con-
tract for the defendants.    In the conference there
had, it was decided to send the plaintiff to Chicago
in an endeavor to have the contract reinstated or to
secure an extension of it.    For his services and for
his expenses on two trips to Chicago, plaintiff made
the charges which he is here seeking to recover.
Clearly, his employment had nothing to do with the
subject-matter of the contract between Thompson and
the defendants, and was not a charge for which Mr.
Thompson was in any sense liable.    It was performed
for the benefit of the defendants.    The contract was
of great importance to them and they wanted it to
continue.    To bring this about plaintiff, who was
defendants' attorney, was sent to Chicago on two
occasions.    Mr. Simpson, Mr. Tallmadge of Detroit,
and the plaintiff, all testified that this was the purpose
for which Mr. Freeman went to Chicago, and that he
did so under the direction of Mr. Millen and for the
benefit of the defendants.    For some reason Homer
C. Millen did not take the stand and deny this testi-
mony.    It stands undisputed in the record.    The
statement of the witness, May Millen, that the services
were not authorized by Mr. Millen, and under the con-
tract were to be paid for by Mr. Thompson, was not
competent evidence and should have been excluded.
At least as to the employment of the plaintiff to make
the first trip to Chicago for the defendants, the evi-
dence is undisputed and the court would have been
justified in directing a verdict for the plaintiff as to
the charge for services rendered and expenses in-
curred.    He was not requested to do so, but on a
motion for a new trial he was asked to set aside the
verdict because it was against the clear weight of the

.evidence.    We think this motion should have been granted.

As to the two $500 items the testimony was in dispute.    This made a question for the jury.    The court submitted it under instructions which were eminently fair to both parties.    As to these items the verdict is not so clearly against the weight of the evidence as to justify the court in disturbing it for that reason.

The judgment must be reversed for the reason that as to the charges for services and expenses, the verdict is against the overwhelming weight of the evidence. As the other questions presented by the record involve only questions of fact we refrain from discussing them.

The judgment of the circuit court is reversed, with costs to the plaintiff.    New trial granted.

WIEST, C. J., and FELLOWS, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.    CLARK, J., did not sit.