FREEMAN *v.* MILLEN.

1. REFERENCE — MOTION TO REFER CASE TO REFEREE PROPERLY
DENIED.

> In an action for attorney's fees and expenses and a
> claimed balance due on the purchase price of real estate,
> where there had been two jury trials and the case does
> not involve the examination of long mutual accounts,
> plaintiff's motion to refer the case to a referee under the
> provisions of the judicature act (3 Comp. Laws 1915, §
> 12639 *et seq.*), was properly denied.[1]

2. TRIAL—EVIDENCE—APPEAL AND ERROR.

> Where plaintiff was allowed a wide latitude in the in-
> troduction of testimony, there was no prejudicial error
> in admitting defendants' testimony to meet the case made.[2]

3. SAME—INSTRUCTIONS—INVOLVED CHARGE—REQUESTS TO CHARGE.

> Plaintiff's criticism of the judge's charge to the jury that
> it was so involved as not to be readily understood by
> them is without merit, where in the main it consisted
> of the giving of his requests to charge.[3]

4. SAME—CONFLICTING TESTIMONY REQUIRES SUBMISSION OF CASE
TO JURY.

> Where, upon every material question in the case the
> testimony of the parties was in direct and irreconcilable
> conflict, plaintiff was not entitled to a directed verdict
> nor to judgment *non obstante veredicto*.[4]

5. SAME—GREAT WEIGHT OF EVIDENCE.

> Upon the question as to the condition of the contract
> when it was signed, the record upon retrial being more
> favorable to defendants than the former one, the former
> holding of this court that the verdict in favor of defend-
> ants was not against the clear weight of the evidence, is
> adhered to.[5]

---

[1]References, 34 Cyc. p. 782; [2]Appeal and Error, 4 C. J. § 2614;
[3]Id., 4 C. J. § 2619; [4]Judgments, 33 C. J. § 114; Trial, 38 Cyc. p.
1568; [5]Appeal and Error, 4 C. J. § 3091.

6. SAME.

 Upon the question as to whether one of the defendants employed plaintiff as attorney to make certain trips and incur expense, which was in dispute, the verdict in favor of defendants cannot be said to be against the clear weight of the evidence.[c]

Error to Washtenaw; Sample (George W.), J.  Submitted June 16, 1925.  (Docket No. 39.)  Decided October 1, 1925.  Rehearing denied December 22, 1925.

Assumpsit by Amariah F. Freeman against Homer C. Millen and another for attorney's fees and expenses and a claimed balance due on the purchase of real estate.  Judgment for defendants.  Plaintiff brings error.  Affirmed.

*A. F. Freeman* (*Frank B. De Vine* and *John F. Jordan,* of counsel), *in pro. per.*

*Arthur Brown* and *Cavanaugh & Burke,* for appellees.

FELLOWS, J.  This case has been here before and will be found reported in *Freeman* v. *Millen,* 225 Mich. 271.  The facts and claims of the parties are there stated and need not be here detailed.  We there held that the verdict of the jury as to the items involved in the sale of the house in Ann Arbor was not so clearly against the weight of the evidence as to justify a reversal on that ground, but that the testimony showing plaintiff's employment as an attorney to go to Chicago, the services performed by him and their value, and the amount of his expenses were not disputed by any competent testimony and, therefore, the verdict disallowing such claims was against the undisputed and overwhelming weight of the evidence and for that reason reversed the case and sent it back

---

[c]Attorney and Client, 6 C. J. § 351.

for a new trial. Another trial has been had, the third one, resulting in a verdict for defendants in a small amount upon their claim of set-off. On the present trial defendant Homer C. Millen was sworn and denied that he authorized plaintiff to perform the professional services or incur the expense incident to the Chicago trips. There are a large number of assignments of error but in the main plaintiff's contention is that he was entitled to a directed verdict for some or all of his claims and that the verdict is against the overwhelming weight of the evidence. We do not, however, overlook any of the assignments of error but need not take up each one separately.

After the case was remanded plaintiff moved to refer the case to a referee under the provisions of the judicature act (3 Comp. Laws 1915, § 12639 *et seq.*). This motion was denied, and quite properly so. Defendants objected to the order; there had been two jury trials, presumptively upon a proper demand, and the case did not involve the examination of long mutual accounts. It is true that plaintiff amended his bill of particulars by setting up in detail his account for services and expenses preceding the deal for the Ann Arbor property, having in his original bill of particulars set up the items charged for after that date. But no claim was made by defendants that the items appearing in the amendment were not performed or expended, the sole defense to them being that a full and complete settlement was had when the Ann Arbor property was purchased. An instrument signed by all the parties was produced containing the following provision:

"Whereas, Homer C. and May Millen have just purchased house and lot of A. F. Freeman, Ann Arbor, Mich., known as No. 1108 Hill street, of said city of Ann Arbor, and that on account thereof all matters of account or differences heretofore existing between

232—Mich.—18.

said Homer C. and May Millen and A. F. Freeman of every name and character, have been paid and adjusted and on account of the consideration purchase price of said house and lot being paid this receipt is entered into by each of the parties in duplicate to constitute a receipt in full and whereby each by their signatures 'pass receipts' to each other and all done in friendly, amicable adjustment of all said matters of accounts up to date."

The issues were not complicated and the case clearly one for a jury.

We do not discover any prejudicial error in the admission or rejection of testimony. Plaintiff was allowed a wide latitude in the introduction of testimony and this required some liberality in the admission of defendants' testimony to meet the case made. The trial judge gave all of plaintiff's requests he was entitled to and it is quite possible that some which were given went further in plaintiff's favor than they should have gone, but plaintiff can not complain of this. The charge is criticized *aliundi* that it was so involved as not to be readily understood by the jury, but in the main it consisted of the giving of plaintiff's requests. Plaintiff was not entitled to a directed verdict nor to judgment *non obstante veredicto;* upon every material question in the case the testimony of the parties was in direct and irreconcilable conflict.

Upon the important question in the case, *i. e.,* the condition of the contract when it was signed, the present record is more favorable to defendants than when the case was here before; it contains the testimony of Homer C. Millen corroborative of that of his wife that their duplicate contract was in the same condition when signed as when presented in court and that they understood from plaintiff that his duplicate was the same as theirs when they signed it. Plaintiff, as upon the other trial, was corroborated by the opinion of his handwriting expert. We then held

that upon this branch of the case the verdict was not against the clear weight of the evidence and upon the present record we adhere to such holding.

But it is insisted by plaintiff that notwithstanding the testimony of Homer C. Millen that he did not employ plaintiff to make the trips to Chicago which appears in this record but which was not in the record when the case was here before, we should upon this branch of the case hold that the verdict was against the clear weight of the evidence. Upon the other record not only was plaintiff's testimony undisputed but it was corroborated by the surrounding circumstances; as we pointed out defendants were vitally interested in the deal with Thompson; if it went through it meant a sale of their stock. It is now pointed out in corroboration of the testimony of defendant Homer C. Millen that plaintiff was also vitally interested in the deal going through, that it also meant the sale of his stock for upwards of $7,000; it is also pointed out that plaintiff was then in the employ of Thompson and on one of the trips made a settlement with him and received $235, and that the final contract made by him with Thompson was so disadvantageous to defendants that they repudiated it in its entirety. In *Pachuczynski* v. *Railway*, 202 Mich. 594, where the question before the court was whether the verdict was against the clear weight of the evidence, this court said:

"But in the determination of the question in this court, it must be borne in mind that this court is not the trier of the facts. We cannot invade the province of the jury. It must also be kept in mind that the trial judge heard and saw the witnesses, was in a position to judge of their credibility, and their mental capacity; that the presumption that he correctly measured them must be considered, and that we may not set aside a verdict unless it is manifestly against the clear weight of the evidence."

Plaintiff is in this court as a litigant and his testimony must be measured by the same yardstick as is used to measure the testimony of other litigants.     As so measured we can not say that the verdict is manifestly against the clear weight of the evidence.

The judgment must be affirmed.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.