CUMMING *v.* AUTOMOBILE CRANK SHAFT CORPORATION.

MASTER AND SERVANT—PRINCIPAL AND AGENT—NEGLIGENCE—VOLUNTEER.

The superintendent of defendant's factory, in accepting the offer of an employee to drive an injured fellow employee to the hospital with which it had a contract to care for its injured employees, was acting within the scope of his employment, notwithstanding he acted contrary to his instructions in so doing, and therefore defendant is liable for the negligence, if any, of said employee in

causing the death of a third person while driving to the hospital.[1]

Error to Wayne; Marschner (Adolph F.), J.   Submitted June 2, 1925.   (Docket No. 14.)   Decided October 1, 1925.

Case by William Cumming, administrator of the estate of Andrew Kawalinski, deceased, against the Automobile Crank Shaft Corporation for the alleged negligent killing of plaintiff's decedent.   Judgment for defendant on a directed verdict.   Plaintiff brings error.   Reversed.

*Dohany & Hersch,* for appellant.

*Robert M. Brownson* (*Donald Van Zile,* of counsel), for appellee.

WIEST, J.   An employee of defendant received an injury in the course of his employment, having half of a thumb torn off by an emery wheel; another employee owned an automobile parked near the factory and volunteered to take the injured man to a hospital, with which defendant had a contract to care for its injured employees; defendant's superintendent wanted the man so taken, accepted the tendered service and, by means thereof, the injured employee was conveyed to the hospital.   The defendant had no conveyance of its own.   On the way to the hospital the automobile struck plaintiff's decedent, causing his death.   Claiming death was caused by the negligent driving of the volunteer, while performing such accepted service for defendant, this suit was brought to recover damages. The trial judge directed a verdict in favor of defendant on the ground that the volunteer employee, while so engaged in conveying his injured fellow employee, was not acting within the scope of his em-

---

[1]Master and Servant, 26 Cyc. pp. 1525, 1535, 1575.

ployment, and the superintendent exceeded his authority in the premises and, therefore, defendant was not liable for the negligence, if any, of the driver of the automobile.

Defendant employed many men, had an arrangement with the hospital to care for its injured employees, and maintained no conveniences, beyond first aid, for doing so itself. An emergency confronted defendant's first aid man and its superintendent, need of hospital service for the injured employee was evidently deemed imperative and, instead of calling upon the hospital to send aid or a conveyance, they accepted the service volunteered by the other employee. It appears that the volunteer was in the employ of defendant as a millwright and his time went on while he was away from the plant on this trip.

At the time of the accident defendant's superintendent was in charge of the factory. Defendant's vice-president and general manager testified he was not at the factory at the time of the accident; that Mr. McKittrick was superintendent of the plant in complete charge of the workmen; that the company had an arrangement with the Michigan Workmen's Mutual Compensation Insurance Company to care for injured employees, under which the insurance company maintained a hospital to which men, injured in the plant, were to be taken; that he wanted Mr. McKittrick to look after the injured employees as superintendent of the plant in accordance with the arrangement with the insurance company; that Mr. McKittrick was over Mr. Jensen (the volunteer driver) and "if Mr. McKittrick told him to go down there he was justified," but qualified this by stating:

"If Mr. McKittrick had followed instructions and done the things that he was supposed to do, and was unable to get results, I suppose then he would have had authority to do something else, but he must, of

course, follow the instructions that were given him first."

The instructions by the insurance company, and adopted by defendant, were:

"Do not call any outside physician unless so instructed by the hospital office, as an emergency surgeon is on duty throughout usual factory hours, and our ambulance will be dispatched instantly whenever required."

We think there was sufficient evidence for a finding that the superintendent was acting within the scope of his employment. The errand of the volunteer brought his automobile to the service of defendant, and the driver thereof, being its employee, was, at the time of the accident, acting for defendant, and defendant is liable under the rule of *respondeat superior* for his negligence. In conveying his injured fellow employee from the factory to the hospital, under contract to care for defendant's injured workmen, the volunteer was not a stranger to defendant or its business, but was rendering a service in line with the purpose of defendant under its contract with the hospital, even though it can be said the superintendent disregarded instructions in sending the injured employee to the hospital instead of notifying the hospital to come and get him. The wage of the volunteer driver continued while he was on the trip.

We had occasion in *Loux* v. *Harris*, 226 Mich. 315, to pass upon the question of disregard of instructions by a servant while about the master's business, and what we there said is applicable to the act of the superintendent in this case. The contract between the defendant and the hospital for care and conveyance of injured employees did not save it from liability to a third person, even though its superintendent should have requested such service instead of accepting that tendered by the volunteer.

Counsel for defendant cite *Szszatkowski* v. *Gas Light & Coke Co.*, 209 Ill. App. 460. We quote from the syllabus:

"A chauffeur in the paymaster's department of a gas company who volunteers to take the superintendent of another department home in his closed car because of danger to the health of the superintendent in riding in an open car, and gets the paymaster's consent to the temporary exchange of cars by the respective departments, and injures a person upon his way back to the garage on the return trip, is not engaged in the operation of the car for his employer so as to render the latter liable for the chauffeur's negligence."

In that case the superintendent in going home was in no way about the business or affairs of the company, neither was the driver in so taking him and in returning. The whole matter was but an accommodation to the superintendent, wholly apart from employment by or in behalf of the company.

Viewing the evidence in the light most favorable to plaintiff, we think the case should have been submitted to the jury.

The judgment is reversed and a new trial granted, with costs to plaintiff.

MCDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.