HOLDEN *v.* MEEHAN.

1. MASTER AND SERVANT—SAFE PLACE—NEGLIGENCE—QUESTION FOR JURY.

In an action by an employee for injuries sustained when the wall of a building which was being razed fell on him, the question of the employers' negligence in failing to properly brace the wall, which was known to be dangerous, *held*, for the jury.

2. SAME—SCOPE OF EMPLOYMENT—QUESTION OF LAW.

Whether an employee, who was hired to tend mason, was within the scope of his employment, when, the mason having run out of material, both joined in helping to raze an old building in furtherance of the employers' interests rather than remain idle, which was not in violation of any instructions of the employers, and during which the employee was injured, *held*, a question of law for the court.

3. TRIAL—SPECIAL QUESTION TENDERED DURING ARGUMENT.

Refusal of the trial court to submit a special question tendered by counsel during the argument to the jury was not error.

Error to Clinton; Moinet (Edward J.), J. Submitted April 28, 1927. (Docket No. 101.) Decided June 6, 1927.

Case by John Holden against Frank P. Meehan and Fred J. Meehan, copartners as Meehan Brothers, for personal injuries. Judgment for plaintiff. Defendants bring error. Affirmed.

*Smith, Hunter & Spaulding,* for appellants.

*Selden S. Miner* and *Leon F. Miner* (*Kelley S. Searl,* of counsel), for appellee.

---

[1]Master and Servant, 39 C. J. §§ 1325, 1333; [2]Id., 39 C. J. § 1305; [3]Trial, 38 Cyc. p. 1915.

McDONALD, J.   The plaintiff recovered a verdict and judgment against the defendants in the amount of $1,516.66 for personal injuries alleged to have been caused by their negligence.   At the time of the accident the defendants were tearing down an old building in Ovid, Michigan, and erecting a larger building on the same site.   Work on both buildings was being carried on at the same time.   The plaintiff was employed to assist in this work.   He claims that he was employed to do work of a general character, and that the only requirement was that he should keep busy.   At the time he received his injuries he was working on the north side of a wall of the old building tearing off boards.   The defendants had considered this portion of the wall unsafe.   During the progress of the work it had been relieved of its support.   It leaned to the south.   To keep it from falling in that direction, they put a few braces on that side, but placed nothing on the north side where the plaintiff was working.   One of the workmen had placed a ladder against the south side of the wall, and was on the ladder when the wall fell over, caught the plaintiff under it and seriously injured him.   The negligence charged is that the defendants did not furnish him a safe place to work; that they knew the wall might fall, but did not take proper means to prevent it.   The defendants deny the negligence alleged, and, as a further defense to the action, insist that at the time of the accident the plaintiff was not acting within the scope of his employment; that he was employed to tend a mason in work upon the new building, and not to work elsewhere; and that they did not engage to furnish him a safe place except where his duties called him in tending the mason.   The defendants had not elected to come within the workmen's compensation law.   There was no evidence that the plaintiff was guilty of wilful negligence.   The

only question submitted to the jury was whether the defendants were negligent, and whether such negligence was the proximate cause of the injury.

The first assignment of error relates to the refusal of the court to direct a verdict for the defendants on the ground that no actionable negligence had been shown. As the work progressed in razing the old building, it was apparent that the east 40 feet of the north wall was in danger of falling unless some means were taken to prevent it. The defendants directed one of the carpenters to brace it up on the south side. This was in the forenoon of the day that plaintiff was injured. The wall was from 10 to 12 feet high. Three braces were used which consisted of 2x4's, 12 feet long. They were nailed to the wall and to the floor at the foot of it. There was evidence to support the plaintiff's claim that the braces were not properly fastened; that only one nail was used in fastening a brace to the wall, and only one in fastening it to the floor; that no cleats were put on the wall to hold the braces in position; that as workmen ripped the boards off the wall it weaved back and forth, and loosened the nails and left nothing to hold the wall from falling to the north where the plaintiff was working. There was evidence that if the braces had been properly fastened, the wall would not have fallen. This testimony presented a question for the jury as to defendants' negligence, and the court was not in error in submitting it.

The next question presented by the record is whether the court erred in refusing to submit to the jury the defendants' claim that, at the time he received his injuries, the plaintiff was not in the scope of his employment. Requests reciting their claim in regard to this question were proffered by the defendants. They were not submitted to the jury; and, in the charge as given, the court made no reference thereto, except

to say, "that the plaintiff was properly upon the premises at the time of the accident in question, and was in the employ of the defendants." The charge of the court and the refusal to submit the defendants' requests can only be justified on the ground that, under the evidence, whether the plaintiff was within the scope of his employment at the time of the accident was a question of law for the court. Some of the material facts from which this question must be determined are in dispute. The plaintiff claims that he was employed with no specific instructions as to the work he was required to do, but that he was told to keep busy. The defendants claim that he was employed to tend the mason who was constructing the foundation and walls of the new building. The nature of the work which he was employed to perform is an important fact, but it is not controlling. It is undisputed that at the time of the accident there was no work for him to do for the mason. The mason had run out of material, and, rather than remain idle, had joined other workmen in tearing off the boards from the wall of the old building. The plaintiff followed his example. In this he violated no instructions of his superiors, and was acting in good faith for his master's interests. His act was what has been called "a natural and helpful intervention in the conduct of his master's business." Should he have employed this interval of leisure in idleness, or should he have turned his hand to other work necessary in the furtherance of his employers' business? It was during the hours of his employment, and there was no suspension of the relation of master and servant. Assuming that he was not employed to do that work, we think it was a natural incident of the work which he was employed to do. The material controlling facts necessary to a determination of this question were not in dispute. It was therefore a question of law

for the court.    In so treating it there was no error.

The assignment of error relative to the refusal of the court to submit the special question tendered by counsel for the defendants during the argument to the jury is decided adversely to the defendants' claim in *Fishell* v. *Fishell*, 206 Mich. 308.    The record shows no reversible error.

The judgment is therefore affirmed, with costs to the plaintiff.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.