MURPHY *v.* KUHARTZ.

1. MASTER AND SERVANT—LIABILITY OF MASTER FOR WRONGFUL ACTS OF SERVANT.

A master is responsible for the wrongful acts of his servant committed while performing some duty within the scope of his employment.

2. SAME—WHEN SERVANT WHO DEVIATES FROM ROUTE IS AGAIN IN MASTER'S SERVICE.

Where a servant, in driving his master's truck, so deviates from his regular route as to suspend the relation of master and servant, it is not restored until he has returned to the point where the deviation occurred, or to a corresponding place, where, in the performance of his duty, he should be.

3. SAME.

Where the driver of a truck who was required, after making a delivery, to report to the warehouse before proceeding to the garage for the night, deviated on his return, and went to his own home for dinner, but, at the place where he ran down and injured a pedestrian, he had returned and reached a point closer to the warehouse than the point where he had made the delivery, and was on a direct route to the warehouse, he was again in his master's service, rendering the latter liable for the driver's negligence, if any.

4. TRIAL—QUESTION OF LAW PRESENTED WHERE NO CONFLICT IN TESTIMONY.

Where there is no conflict in the testimony as to the material facts on a question, the trial court is right in treating it as a question of law.

5. MASTER AND SERVANT—NEGLIGENCE—LIABILITY OF MASTER FOR NEGLIGENCE OF SERVANT—DIRECTED VERDICT.

Where, in an action against a master for personal injuries inflicted by a servant, the trial court was wrong in holding that at the time the injuries were inflicted the servant was not acting within the scope of his employment, and the testimony on the questions of negligence and contributory negligence was conflicting, requiring their submission to the jury, the court was in error in directing a verdict in favor of the master.

On the general rule as to owner's liability for injury by automobile while being used by a servant for his own business or pleasure, see annotation in 22 A. L. R. 1397.

Error to Wayne; Lamb (Fred S.), J., presiding. Submitted April 6, 1928. (Docket No. 57, Calendar No. 33,187.) Decided October 1, 1928. Rehearing denied December 4, 1928.

Case by William Henry Murphy against William J. Kuhartz, doing business as William J. Kuhartz Cartage Company, for personal injuries. Judgment for defendant on a directed verdict. Plaintiff brings error. Reversed.

*Walter M. Nelson,* for appellant.

*Monaghan, Crowley, Reilley & Kellogg,* for appellee.

McDONALD, J. This action was brought to recover damages for personal injuries which the plaintiff alleges were caused by the negligence of the defendant's servant while acting within the scope of his employment. The defendant is engaged in the cartage business in the city of Detroit, Michigan. At the time of the accident, he owned trucks which were employed in carting furniture for Weil & Company to various parts of the city. Mr. Metz, who was responsible for the plaintiff's injuries, was a driver of one of these trucks. On the day of the accident, late in the afternoon, the driver had made a delivery of merchandise at 2538 West Philadelphia street, a point about four miles distant from the warehouse of Weil & Company. His duty required him to return to the warehouse and report the deliveries before taking the truck to the garage for the night. His most direct route to the warehouse was south from the last point of delivery, keeping on the west side of Woodward avenue. Instead of returning by that route, he crossed over to the east side of Woodward avenue and proceeded a considerable

distance in an opposite direction from the warehouse to his home, where he had dinner. He then began his return to the warehouse. When he reached the intersection of Gratiot and Rivard streets, he ran down the plaintiff and severely injured him. The plaintiff brought suit for damages against the master. On the trial the defense was made that, at the time of the accident, the driver of the truck was not acting within the scope of his employment. The trial judge adopted that view of the case and directed a verdict in favor of the defendant. Judgment was entered on the verdict. The plaintiff has brought error.

It is well settled that a master is responsible for the wrongful acts of his servant committed while performing some duty within the scope of his employment. When the driver had made the last delivery, it was his duty to return with the truck to the warehouse. He made a long detour from the route he should have taken in order to reach home for his dinner. If while making this detour for his own purpose he had negligently injured the plaintiff, the master probably would not have been liable, for he was then not about his master's business. But when the accident happened, he had accomplished his personal purpose and was well on his way by a direct route to the warehouse. So, assuming that in going to his dinner he temporarily abandoned his master's business, the question is, Had his service been resumed at the time of the accident? At what point on his return in the direction of the warehouse did he again enter upon the master's business?

There are cases which hold that where a servant in driving his master's truck so deviates from his regular route as to suspend the relation of master

and servant, it is immediately restored when he starts to return. A leading case of this class is *Riley* v. *Standard Oil Co.*, 231 N. Y. 301 (132 N. E. 97, 22 A. L. R. 1382). But by better authority it is held that the relation of master and servant is not restored until he has returned to the place where the deviation occurred or to a corresponding place, some place where, in the performance of his duty, he should be. In *Gousse* v. *Lowe*, 41 Cal. App. 715 (183 Pac. 295), it was said:

"If the servant takes his master's machine for a junketing or business trip of his own, the trip is not complete when he reaches a point miles away from the place where the machine ought to be; the servant is upon his own trip until his return to the point of departure, or to a point where in the performance of his duty he should be."

This holding is based on sound reasoning and is in harmony with current authority. It is approved by Mr. Mechem. See 2 Mechem on Agency (2d Ed.), § 1907, and cases cited; also, annotation on page 1397 of 22 A. L. R.

Adopting this rule as the law applicable to the instant case, we shall now determine whether the driver of the truck had resumed his master's service at the time of the accident. The defendant's garage where the trucks were kept when not in use was on the east side of Woodward avenue. When drivers were required to go to the warehouse for orders, they took a direct route from the garage. After the driver in this case had eaten his dinner, he proceeded past the garage and followed this route down Gratiot avenue to Rivard, where the accident happened. The intersection of Gratiot and Rivard was closer to the warehouse than the point where he had made the last delivery, and was on a direct route to the

warehouse. When he reached this route at a point less distant than the last place of delivery, he had completed the trip which he had taken on his independent business and had re-entered the employment of his master. He was then engaged in no business of his own but was exclusively in the service of his master. This is not in conflict with *Brinkman v. Zuckerman,* 192 Mich. 624, cited and relied on by the defendant. In that case, the driver had driven three miles away for his own pleasure and the accident occurred before he got back on a direct route to the place where his duty required him to be.

In the instant case there was no conflict in the testimony as to the material facts, and the trial court was right in treating it as a question of law; but he was wrong in holding that at the time of the accident the driver of the defendant's truck was beyond the scope of his employment. There were conflicting claims as to the negligence and contributory negligence, which required those issues to be submitted to the jury. The court erred in directing a verdict for the defendant.

The judgment is reversed. The plaintiff will have costs.

Fead, C. J., and North, Fellows, Wiest, Clark, Potter, and Sharpe, JJ., concurred.