MURPHY *v.* WAYNE CIRCUIT JUDGE.

JURY—ENFORCING COURT RULE REQUIRING DEMAND FOR JURY—
ABUSE OF DISCRETION.

Where it had apparently been universal practice to impanel jury
although no demand therefor had been made as required by
Circuit Court Rule No. 39, it was abuse of discretion to
strictly enforce said rule without first informing members of
the bar thereof and order case to proceed to trial before
court without jury, especially where case had already been
twice tried before jury.

Mandamus by William Henry Murphy to compel
Guy A. Miller, Wayne circuit judge, to permit plaintiff to file demand for a jury. Submitted October 22,
1929. (Calendar No. 34,512.) Writ granted February 8, 1930.

*Walter M. Nelson,* for plaintiff.

SHARPE, J. On April 2, 1926, plaintiff brought an
action against William J. Kuhartz, doing business
as William J. Kuhartz Cartage Company, and Oscar
Metz to recover damages claimed to have been sustained by being struck by a truck owned by the company and driven by Metz. Discontinuance as to
Metz was later had. Trial was had on February 15,
1927, resulting in a directed verdict for defendant.
On review in this court, the judgment entered thereon was reversed, and a new trial ordered. *Murphy*
v. *Kuhartz,* 244 Mich. 54. An amended declaration
was filed by plaintiff, in which Weil & Company and
Metz were also made defendants. Trial was again
begun on April 29, 1929, resulting in a mistrial. The

cause came on for trial again on June 13th before the defendant. Plaintiff's attorney had omitted to file a demand for a jury, as required by Circuit Court Rule No. 39. The court called attention to this omission, and announced that the cause would proceed to trial before him without a jury. Counsel for plaintiff then promptly moved for leave to file such demand. The court entered an order denying such leave, and called attention to "the determination of the judges of the Wayne circuit court that that rule be enforced," and stated that he felt bound thereby. Plaintiff thereupon petitioned this court for mandamus to compel the defendant to set aside said order and permit such demand to be filed. An order to show cause was granted, and the defendant's return is before us. The regularity of the proceeding is not questioned. It is the desire of all parties that a determination of the question be here had.

The record discloses that it has been the practice in the Wayne circuit court to impanel a jury to try such cases without regard to the filing of such a demand. The rule is easily understood, and it is no hardship to require attorneys to comply with it. Its enforcement will, in the opinion of the defendant and his associates, tend to expedite the disposition of the business of that court. Their effort to do so is to be commended. But, in view of the apparently universal practice in that court to impanel a jury to try such cases when no demand for the same had been filed, and of the fact that two juries had been impaneled to try this case, we are impressed that it was not a proper exercise of discretion to insist upon a strict application of the rule without informing the members of the bar of the intention to do so.

The writ will issue if need be. No costs will be allowed.

WIEST, C. J., and BUTZEL, CLARK, POTTER, NORTH, and FEAD, JJ., concurred. McDONALD, J., took no part in this decision.