NEVINS v. ROACH.

1. Master and Servant—Scope of Employment.
   The test of liability of master for servant's acts is whether servant was, at the time, acting within scope of his employment.

2. Same—"Scope of Employment" Defined—Words and Phrases.
   The phrase "in the course or scope of his employment or authority," when used relative to acts of servant, means while engaged in the service of the master, or while about the master's business.

3. Same—Servant Driving Own Car Instead of Riding in Truck Provided by Employer Not Within Scope of Employment.
   Servant employed to care for race horses and ride with them from place to place in truck provided by employer for that purpose was not acting within scope of his employment when, instead of riding in truck, he drove his own automobile, and followed route of his own choosing for purpose of transacting his own private business.

4. Same—Motor Vehicles—Negligence—Notice.
   That employee on previous occasions had driven his own automobile instead of riding in truck provided by employer would not render latter liable for employee's negligence while so operating his own car, where its use was contrary to employer's directions and without his knowledge.

Error to Kent; Dunham (Major L.), J. Submitted October 10, 1929. (Docket No. 60, Calendar No. 34,582.) Decided January 24, 1930.

Case by Luvia Nevins against William Roach and B. M. Maxon for personal injuries. Verdict and judgment for plaintiff against defendant Maxon. From a directed verdict for defendant Roach, plaintiff brings error. Affirmed.

As to liability of employer for negligence of employee in operating his own car or other vehicle in employer's business, see annotation in 57 A. L. R. 739; 60 A. L. R. 1163.

*Grant Sims,* for plaintiff.

*Clare J. Hall* and *Wetmore & Bagley,* for defendant Roach.

NORTH, J. The plaintiff herein received injuries by being struck by the automobile of the defendant Maxon while he was driving the same. Plaintiff sued both Maxon and his employer, the defendant Roach. She had judgment against the defendant Maxon; but as to the defendant Roach the trial court directed a verdict of not guilty. The plaintiff reviews the directed verdict and judgment thereon by writ of error.

Mr. Roach maintains a stable of horses at Hart, Michigan. Since 1914 the defendant Maxon has been employed by Roach to care for the latter's horses and to accompany them in a truck by which they are conveyed to the various places where races are held. It was Maxon's duty to look after the horses while they were being thus transported and to drive them in the races. The defendant Roach furnished a chauffeur to drive the truck in which the horses were conveyed and in which Maxon and a caretaker were directed by Roach to ride. In the fall of 1927 one of Mr. Roach's horses was taken in his truck to the county fair at Marshall, Michigan. After the racing events were over the horse was carried in the Roach truck from Marshall to Hart. The route taken by the truck on this trip does not appear in the record. Instead of accompanying the horse in the truck provided for by the defendant Roach, Mr. Maxon used his own automobile in returning to Hart. He went by way of Grand Rapids, and, when a short distance south of Grand Rapids, an accident occurred in consequence of which the

plaintiff brought this suit. The record presents two questions:

(1) At the time of the accident was Maxon engaged in the service of his master or about his master's business?

(2) Is the master liable for injuries inflicted by his servant while engaged in unnecessarily driving his individual automobile upon the master's business but without the latter's knowledge or his expressed or implied authorization?

The following appears in the undisputed testimony of the defendant Maxon:

"*Q.* Did you intend to stop at Grand Rapids if you hadn't had an accident?

"*A.* Sure, I would stop here a few minutes.

"*Q.* What were you stopping for?

"*A.* I had some business here, and I thought it was late in the year and it was a good time to stock up with winter clothes.

"*Q.* What other business did you have?

"*A.* I don't remember just now what it was.

"*Q.* Something in connection with your horses?

"*A.* No, it was in connection with my own business. I have some friends that used to live in Hart.

"*Q.* Were you going to see Mr. Roach while you were here?

"*A.* I did not intend to."

The following rule as to whether a servant is acting in the course of his master's employment was laid down in *Riley* v. *Roach,* 168 Mich. 294, 307 (37 L. R. A. [N. S.] 834):

"The test of the liability of the master for his servant's acts is whether the latter was at the time acting within the scope of his employment. The phrase 'in the course or scope of his employment or authority' when used relative to the acts of a servant,

means while engaged in the service of his master, or while about his master's business.''

We think it clearly appears from this record that Maxon was not acting in the course of his master's service or incident thereto at the time this accident occurred. Under the arrangement or understanding, he was supposed to accompany the latter's horses by riding in the same truck in which they were being transported in order that he might be present and look after or at least supervise the safety and welfare of the horses. When Maxon neglected or refused to discharge this part of his duty as an employee and instead took his own automobile and used it as a means of going when he pleased and where he pleased on his return to Hart, entirely independent of the transportation of his employer's horse, he was not acting within the course or scope of his employment. Especially must this be held to be the fact in view of his undisputed testimony that he had purposes of his own wholly outside of his employment which caused him to return by way of Grand Rapids. If the question were to be asked, ''Would this accident have happened if Maxon had accompanied the truck in which his employer's horse was being transported?'' there could be only one answer, and that would be in the negative. At the time of the accident, instead of acting within the scope of his employment, Maxon was neglecting all of his duties incident thereto. His act was a complete departure from his employment. We have held that a mere deviation by servant from the regular route of his duties takes him outside of his employment. *Murphy* v. *Kuhartz,* 244 Mich. 54. Plaintiff relies upon *Loux* v. *Harris,* 226 Mich. 315, and *Cumming* v. *Crank Shaft Corp.,* 232 Mich. 158. In the *Loux Case* the defendant's employee at the time and

place of the accident out of which the suit arose was unquestionably in the act of selling gasoline for his employer, which was the identical thing he was hired to do. In other words he was acting for his master within the scope of his employment. In the *Cumming Case* the defendant's employee was using his own car in his employer's business under the express direction of the employer's superintendent and in exact accord with such.direction. The dissimilarity between these cases and the one at bar is obvious.

It appears from the record that the defendant Maxon during the year 1927 had used his own automobile as a means of travel on previous occasions instead of accompanying his employer's horses in the truck. But the undisputed proof shows that this was both contrary to his employer's directions and without his knowledge, either express or implied. Such use of his automobile by Maxon on former occasions without his employer's knowledge cannot affect the legal aspect of this case. There is nothing in this record which justifies the conclusion or even an inference that Maxon had any occasion to operate a motor vehicle incident to his employment by Mr. Roach. Roach cannot be held unless the relationship of master and servant existed between him and Maxon in the sense that the latter's course of conduct was under the control or direction of the former, or at least unless the right to control existed in Roach.

"The test of the relationship (of master and servant) is the right to control. It is not necessary that there be any actual control by the alleged master to make one his servant or agent, but merely a right of the master to control. If there is no right of control there is no relationship of master and servant." *Khoury* v. *Edison Electric Illuminating Co.* (Mass.), (164 N. E. 77, 60 A. L. R. 1159).

The facts in the case just quoted would much more logically lead to the conclusion that the master was liable than in the instant case. There the driver of the automobile was at the time in the employment of the master and was being paid for the use of his (driver's) automobile which he had the option of using in his master's business. The master was held not to be liable for injuries resulting from the negligent manner in which the employee operated his own automobile. In the case at bar, the undisputed testimony discloses that Maxon was not acting within the scope of his employment at the time of the accident, and that his acts which gave rise to this accident were in no way under the control of his employer. A case involving similar facts and questions of law was recently decided by the supreme court of North Dakota. *Parker Motor Co.* v. *Northern Packing Co.* (N. D.), 227 N. W. 226. The trial judge was correct in directing a verdict for the defendant Roach, and the judgment entered is affirmed.

WIEST, C. J., and BUTZEL, CLARK, POTTER, SHARPE, and FEAD, JJ., concurred. McDONALD, J., took no part in this decision.