CITY OF DETROIT *v.* JUDGE OF RECORDER'S COURT.

1. Courts—Practice.
    Court ought not to depart from established practice suddenly and without notice and to injury of litigants.

2. New Trial—Abuse of Discretion.
    Where, in condemnation proceedings, some of property owners were not notified of trial, in accordance with established practice, and therefore were not represented .at trial, it was not abuse of discretion by trial judge to grant new trial.

Mandamus by City of Detroit, a municipal corporation, to compel Arthur W. Kilpatrick, judge of the recorder's court, to set aside an order granting a new trial in condemnation proceedings instituted by plaintiff to widen a street. Submitted April 21, 1931. (Calendar No. 35,044.) Writ denied June 1, 1931.

*John Atkinson,* Assistant Corporation Counsel (*Clarence E. Wilcox,* Corporation Counsel, of counsel), for plaintiff.

*W. K. Williams* and *John C. Shields,* for defendant.

CLARK, J. This is mandamus to compel Hon. Arthur W. Kilpatrick, judge of recorder's court, to set aside an order granting a new trial in a proceeding instituted by the city of Detroit to condemn eight parcels of land for the opening and widening of Tireman avenue.

Upon filing the petition, all the property owners were summoned as provided by the city charter. A jury was impaneled and the trial set for March 3d, and adjourned to March 10, 1930, and the trial began on that day, and in due course was concluded. The owners of but two parcels were represented at the trial. The owners of four parcels did not receive notice of trial. They learned of it soon after its conclusion and now seek new trial.

Of this the trial judge returns:

"Respondent says that these defendants, through their attorneys, awaited a call from the court to which, under the practice of this court, they were entitled, and which they did not receive, and because of the failure to notify attorneys for said de-

fendants, they were not afforded an opportunity either to strike the jury or to be heard at the trial."

It is further returned that counsel had express assurance that the practice would be followed in this case. This is the record before us.

Counsel for relator contend that the practice is not founded on statute, charter, or court rule, and may not be recognized. It is settled here to be the practice of the court and that counsel were assured it would be followed. The court ought not to depart from the practice suddenly and without notice and to the injury of the litigants. *Murphy* v. *Wayne Circuit Judge*, 249 Mich. 438; 15 C. J. p. 908. New trial was within the discretion of the judge. The discretion does not appear to have been abused.

No other question demands discussion.

Writ denied. Costs to respondent.

BUTZEL, C. J., and WIEST, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.