METROPOLITAN CASUALTY INSURANCE CO. v. FIRST NATIONAL BANK IN DETROIT.

1. BILLS AND NOTES—CHECK ISSUED TO NONEXISTENT PERSON NOT PAYABLE TO BEARER—STATUTES.

Checks issued to nonexistent persons by employer at instance of employee, who represented them to be customers, may not be treated as payable to bearer (2 Comp. Laws 1929, § 9258).

2. SAME—INDORSEMENT OF NONEXISTENT PAYEE FORGERY.

Indorsement of checks drawn to nonexistent persons is to be treated as forgery.

3. BANKS AND BANKING—FORGED INDORSEMENT ON CHECK.

Drawee bank paying depositor's check on forged indorsement is held to have paid it out of its own funds and may not charge same to depositor's account.

4. SUBROGATION—BANKS AND BANKING—FORGERY INSURANCE.

Under bond indemnifying depositor and depository bank for loss sustained by forgery, and subrogating obligor to their rights for money paid them thereunder, obligor as assignee could recover from collecting bank money paid to depository bank which it had paid to collecting bank for forged checks.

Appeal from Wayne; Hawley (Royal A.), J., pre-siding. Submitted October 28, 1932. (Docket No. 131, Calendar No. 36,824.) Decided January 3, 1933.

Assumpsit by Metropolitan Casualty Insurance Company, a New York corporation, assignee, against First National Bank in Detroit for sums paid as a result of forgeries. Judgment for plaintiff. Defendant appeals. Affirmed.

*Stevens T. Mason,* for plaintiff.

*Lightner, Hanley, Crawford & Dodd,* for defendant.

As to fictitious payee of check, see annotation in 26 L. R. A. 570; 39 L. R. A. 427.

CLARK, J.   An employee, in charge of a branch office, caused to be issued by his employer, E. E. MacCrone & Company, broker at Detroit, a number of checks, it being represented that the payees were customers of the branch office and that the several amounts were due them.   The payees were nonexistent persons, or, at least, there were no such customers.

The maker, E. E. MacCrone & Company, did not intend to issue checks to fictitious persons.   It had no knowledge that the names of the payees did not represent real persons.   The checks, therefore, cannot be treated as payable to bearer under 2 Comp. Laws 1929, § 9258.   *Los Angeles Investment Co.* v. *Home Savings Bank,* 180 Cal. 601 (182 Pac. 293, 5 A. L. R. 1193).

The indorsement, by or at the instance of the employee, of these checks was forged (this is admitted of record) and is to be treated as a forgery. *Houseman-Spitzley Corp.* v. *American State Bank,* 205 Mich. 268; *Detroit Piston Ring Co.* v. *Wayne County & Home Savings Bank,* 252 Mich. 163 (75 A. L. R. 1273).

Certain of the checks bearing forged indorsement were paid by defendant, First National Bank of Detroit, and were in turn paid by the drawee bank, Peninsular State Bank of Detroit, and were by it charged to the deposit account of E. E. MacCrone & Company, which account was subject to check. E. E. MacCrone & Company tendered back the checks to the drawee bank and demanded payment, which was refused.   It appears that defendant, First National Bank, refused a like demand of the drawee bank.

E. E. MacCrone & Company had from plaintiff a "depositor's forgery bond" by which plaintiff

contracted to indemnify the obligee, E. E. MacCrone & Company, and any bank or banks where the obligee carries a deposit account subject to check, for loss sustained through payment by the obligee or bank "of any check * * * which shall have been drawn by the obligee against * * * bank * * * and upon which the name of the payee * * * shall have been forged." Under this bond the drawee bank made the proofs of the loss. The plaintiff paid by check to E. E. MacCrone & Company, which was deposited to its credit in its account at such bank. The reason for payment to E. E. MacCrone & Company instead of to the drawee bank appears to be that the bank had not yet made good on its charging the checks in question to the account of E. E. MacCrone & Company. The forgery bond provides:

"Upon payment of any loss under this bond the company shall be subrogated to all claims and rights of the obligee and the bank in any way arising or growing out of such loss."

The plaintiff's declaration against the First National Bank, the collecting bank, is as assignee of the drawee bank, Peninsular State Bank, to recover the amount paid on the checks bearing the forged indorsements. Plaintiff had judgment in a trial without a jury. Defendant has appealed.

The drawee bank paying a depositor's check on a forged indorsement is held to have paid it out of its own funds and cannot charge the payment to the depositor's account. So it was upon the drawee bank to make good to E. E. MacCrone & Company for having charged the checks to its account. *Land Title & Trust Co.* v. *Northwestern National Bank*, 196 Pa. 230 (46 Atl. 420, 50 L. R. A. 75, 79 Am. St.

Rep. 717). The drawee bank adopted the provisions of the bond by making proofs of loss under it. The plaintiff paid the loss to the obligee and the bank as the interest then appeared, and became subrogated to their rights as provided by the contract. One of these rights was that of the drawee bank to recover the money paid to defendant collecting bank for the checks bearing the forged indorsements, to recover money paid under a mistake of fact, which, of course, may be recovered back. 2 Daniel, Negotiable Instruments (6th Ed.), § 1369; *Farmers National Bank* v. *Farmers & Traders Bank,* 159 Ky. 141 (166 S. W. 986, L. R. A. 1915A, 77); 8 C. J. p. 608.

If the plaintiff were here asserting equitable or legal subrogation (25 R. C. L. p. 1311), its right to recover might be open to question (*New York Title & Mortgage Co.* v. *First National Bank* [C. C. A.], 51 Fed. [2d] 485 [77 A. L. R. 1052]), but as it asserts right upon the contract it comes in legal effect as an assignee (*Boley* v. *Daniel,* 72 Fla. 121 [72 South. 644, L. R. A. 1917A, 734]), and hence may have judgment, as the defendant has no defense beyond a challenge of plaintiff's right to sue upon the demand, which, as we have seen, must be overruled.

Another question in respect of partial restitution by the employee to E. E. MacCrone & Company is answered by *Houseman-Spitzley Corp.* v. *American State Bank, supra.*

We find no error.

Affirmed.

McDONALD, C. J., and POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred. FEAD, J., did not sit.