IRWIN v. WILLIAMSON CANDY CO.

1. MASTER AND SERVANT—LIABILITY FOR ACTS OF SERVANT.
   Test of liability of master for acts of servant is whether the latter was at the time acting within the scope of his employment.

2. SAME—NEGLIGENT ACT OF SERVANT DURING DEVIATION FROM DIRECT ROUTE.
   Master is not liable for negligent act of servant who had departed from direct route and had not returned to a place where his duty required him to be although the place of occurrence of act was less distant from destination than point of deviation.

3. MOTOR VEHICLES—MASTER AND SERVANT—THIRD PARTY DRIVER.
   Fact that defendant's employee permitted friend, with whom employee was in habit of traveling, to drive car which injured plaintiff has no effect upon liability of defendant employer.

4. TRIAL—RENDITION OF OPINION—COURT RULES.
   Court Rule No. 37, § 11 (1933), requires trial judge to render opinion in actions at law tried without a jury.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted April 20, 1934. (Docket No. 33, Calendar No. 37,515.) Decided June 21, 1934.

Separate actions of case by Frank and Ethel Irwin against Williamson Candy Company, an Illinois corporation, for personal injuries and loss of services resulting from automobile collision. Cases consolidated for trial and appeal. Judgment for defendant. Plaintiffs appeal. Affirmed.

*R. M. Connor,* for plaintiffs.

*Stevens T. Mason* and *Carl F. Davidson,* for defendant.

BUSHNELL, J. The facts of these two cases, which were consolidated by stipulation, are not disputed. Ethel Irwin, the wife of Frank Irwin, was injured in an automobile accident at the corner of Seward and Second avenues in the city of Detroit some time after 11 o'clock on the night of January 21, 1929. Marcus C. Mills, a salesman in the employ of defendant, was riding in a car owned by himself and being driven at the time by his friend, Earnest G. Gallagher, a railroad representative. Second avenue is a stop street which runs north and south and crosses Seward at right angles several blocks north of Grand Boulevard. Mills' car, proceeding east on Seward, did not come to a stop before entering Second avenue, and collided with the car in which Mrs. Irwin was riding.

Gallagher and Mills had known each other for several years and were in the habit of traveling together, visiting the same territory in the interests of their respective employers. On the night in question, they met by arrangement in the city of Mt.

Clemens, from where they were to go to Flint, Saginaw, Bay City and Midland. Instead, they came to Mills' home in Grosse Pointe, between Harper and Jefferson avenues, to get some samples. Leaving there for Flint on their most direct route, they picked up two women at the corner of Gratiot and East Grand Boulevard, and departed from their route in order to drive them to the vicinity of the Statler Hotel in downtown Detroit. The next stop was to be at a doctor's office on Woodward avenue in the city of Highland Park on the direct route to Flint, in order to permit Gallagher to inspect some X-ray plates. Leaving the vicinity of the Statler, they finally proceeded north on Third avenue which, at Seward, is two blocks west of and parallel with Woodward avenue. They were approaching Woodward avenue, by way of Seward, when the accident occurred.

The trial court, hearing the case without a jury, held that defendant was not liable in that Gallagher, who was driving the car, was not an employee of defendant, and Mills was not at that time engaged in company business. The sole question raised by the appeal is whether Mills was acting in the course of his employment when the accident occurred.

Appellant claims that under the authority of *Murphy* v. *Kuhartz,* 244 Mich. 54, and *Marchand* v. *Russell,* 257 Mich. 96, the court was in error. Appellee rejects the *Marchand Case* as inapplicable. It contends that *Riley* v. *Roach,* 168 Mich. 294 (37 L. R. A. [N. S.] 834), and *Brinkman* v. *Zuckerman,* 192 Mich. 624, are controlling, and that if the holding in the *Murphy Case* is properly applied to the facts shown in the record, defendant must be relieved of responsibility.

Justice NORTH collected the cases in *Nevins* v. *Roach,* 249 Mich. 311, and we there again held, quoting from *Riley* v. *Roach, supra,* to the effect that:

"The test of the liability of the master for his servant's acts is whether the latter was at the time acting within the scope of his employment. The phrase 'in the course or scope of his employment or authority' when used relative to the acts of a servant, means while engaged in the service of his master, or while about his master's business."

*Brinkman* v. *Zuckerman, supra,* as indicated in *Murphy* v. *Kuhartz, supra,* is authority for the rule that, in case of a departure from the route, the master is not liable until the servant gets back on a direct route to the place where his duty requires him to be. As applied to the instant case, Mills had not reached the direct route to Flint when he crossed Second at Seward. The effect of appellant's argument would be to construe *Murphy* v. *Kuhartz, supra,* as holding that when a servant reaches a point less distant from his proper destination than the point of deviation, he would then re-enter the employment of his master. Such is not the meaning of the decision, nor is it a proper construction of the language of the opinion. The decision states:

"There are cases which hold that where a servant in driving his master's truck so deviates from his regular route as to suspend the relation of master and servant, it is immediately restored when he starts to return. * * * But by better authority it is held that the relation of master and servant is not restored until he has returned to the place where the deviation occurred or to a corresponding place, some place where, in the performance of his duty, he should be."

The writer of the opinion determined from the facts presented that the driver, at the time of the accident, had reached a route where, in the performance of his duty, he should be, and then stated:

"When he reached this route at a point less distant than the last place of delivery, he had completed the trip which he had taken on his independent business and had re-entered the employment of his master. He was then engaged in no business of his own but was exclusively in the service of his master."

The emphasis must be placed on the last sentence of the quotation. To place a different construction upon the decision would result in absurd applications of the rule. Cases would be determined by comparisons of distances rather than upon proper consideration of the facts. Servants who engage in larks or escapades of their own, wholly unrelated to the business of their master, would thereby subject the master to damages. Such is neither the contemplation of the law nor the intent of our holding in that case.

Mills was neither engaged "exclusively in the service of his master" when he met with the accident at Seward and Second, nor was he at a "place where in the performance of his duty, he should be."

The fact that another was driving the car for Mills has no effect upon the result. As was said by Chief Justice Sharpe in *Marchand* v. *Russell, supra*, the car was an instrumentality used by Mills in the prosecution of the business of his employer and in the accomplishment of objects within his line of duty as an employee. The fact that it was driven by Gallagher would not relieve Mills nor his employer from responsibility for a failure to exercise

due care, if there were no other question to be determined in the case.

See, also, *Cooper* v. *Interstate Motor Freight Co.*, 264 Mich. 131.

The question of whether Mills was an independent contractor is not raised by the pleadings. The court did not render an opinion setting forth the reasons for its decision, as required by Court Rule No. 37, § 11 (1933). We are aided, however, by the trial judge's opinion denying the motion for new trial, in which he said:

"Of course, some leeway should be allowed for a driver's judgment in the use of streets to attain his ultimate destination, but it does not follow that where an accident as grave and with injuries so painful resulting, such as this one, through the carelessness of a driver, that his principal must be called upon to respond in damages. From the record in this case, I felt and gave voice to my thoughts that Mills and Gallagher should have both been made defendants in this connection. * * * I still hold to that belief that if there is any liability at all, it is the personal liability of the driver of this car and that the defendant in no wise could be beholden for damages upon this record."

The judgment is affirmed, with costs to appellee.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.