442

ÆTNA INSURANCE COMPANY (1),
Glens Falls Insurance Company (2),
Home Insurance Company (3), Institute of London Underwriters (4), Mutual Fire Marine & Inland Insurance Company, (5), Pearl Assurance Company, Limited, (6), Sun Insurance Office, Limited, (7), The Pennsylvania Railroad Company (8)

v.

UNITED STATES.

No. 281-52.

United States Court of Claims.

June 4, 1958.

Richard T. Graham, New York City, for plaintiffs Nos. 1–7. Paul F. McArdle, Washington, D. C., for plaintiff 8, was on the brief.

Benjamin H. Pester, Washington, D. C., with whom was Asst. Atty. Gen. Charles K. Rice, for defendant. James P. Garland, Washington, D. C., was on the brief.

PER CURIAM.

The insurance companies seek a rehearing on the ground that the money referred to in the opinion of March 5, 1958, in this case, as received from its own insurers was received by the Pennsylvania "as a loan and repayable only to the extent of any net recovery we may make from any person or persons, corporation or corporations, on account of loss by derailment to our property on or about July 25th, 1949, or from any insurance effected by such person or persons, corporation or corporations." They rely in their petition upon Luckenbach v. W. J. McCahan Sugar Co., 248 U.S. 139, 39 S.Ct. 53, 63 L.Ed. 170, as holding "that the Pennsylvania Railroad was not 'indemnified' against the loss herein 'by a valid claim of insurance' within the meaning of section 3113." (I.R.C.1939, now 26 U.S.C. § 5011.)

It seems clear that the Pennsylvania Railroad Company was indemnified within the meaning of the sections by the terms of its policies against loss of the alcohol by valid claims of insurance up to the amount of the $53,945.50, set out in the original petition as the amount for which the railroad company was indemnified by the insurance companies.

The way in which the insurers and the insured handled that liability did not alter the bar of the statute.

The defendant's grounds for rehearing have been examined and are not found to justify a rehearing.

The motions for rehearing are denied.

It is so ordered.