**TRUCK INSURANCE EXCHANGE, a California corporation, Subrogee of A & C Carriers, Inc., and Ivan St. John Company, Plaintiffs,**

v.

The **BOARD OF COUNTY ROAD COMMISSIONERS OF the COUNTY OF MONTCALM, Defendant.**

**Civ. A. No. 4645.**

United States District Court
W. D. Michigan, S. D.

Sept. 7, 1965.

Hathaway, Latimer, Clink & Robb, Muskegon, Mich., Robert J. VanLeuven, Muskegon, Mich., of counsel, for plaintiffs.

Cholette, Perkins & Buchanan, Grand Rapids, Mich., Richard D. Ward, Grand Rapids, Mich., of counsel, for defendant.

FOX, District Judge.

This is a motion by plaintiff to strike allegations of contributory negligence from defendant's answer under Rule 12 (f) of the Federal Rules of Civil Procedure.

The facts of the case, insofar as pertinent to this motion, are relatively straightforward. Plaintiff's insured, Ivan St. John Company, owned a 1959 White semi-tractor which it leased to A & C Carriers, Inc., also insured by plaintiff under a lease agreement submitted to the court as plaintiff's Exhibit 1.

In a collision March 13, 1962, with a truck owned and operated by defendant, the tractor owned by Ivan St. John Company and the two trailer units owned by A & C Carriers, Inc., were damaged. Plaintiff apparently paid Ivan St. John Company for damages to the tractor, and A & C Carriers for damages to the trail-ers and cargo. It brings this action as subrogee of both parties.

The question posed by plaintiff in this motion is whether or not, as subrogee, it is chargeable with the negligence, if any, of the driver of the White tractor.

The briefs of the parties discuss bailor-bailee relationships and the Michigan Ownership Liability Statute, MSA 9.-2101, Comp.Laws 1948, § 257.401 [P.A. 1949, No. 300].

The resolution of this question, however, rests upon a primary principle of law: a subrogee stands in the shoes of his subrogor, and acquires no greater rights than the one whose claim he assumes by reason of the subrogation agreement. Preferred Ins. Co. v. United States, 9 Cir., 222 F.2d 942, cert. den. 350 U.S. 837, 76 S.Ct. 74, 100 L.Ed. 747, reh. den. 351 U.S. 990, 76 S.Ct. 1044, 100 L.Ed. 1502; Aetna Ins. Co. v. United States, 159 F.Supp. 831, 142 Ct.Cl. 771, reh. den. D.C., 162 F.Supp. 442. See Metropolitan Casualty Ins. Co. v. First Natl. Bank in Detroit, 261 Mich. 450, 246 N.W. 178.

The facts of this case reveal that at the time of the collision, the insured vehicle was being driven by a man apparently conceded to be an employee at least of A & C Carriers. Thus, as to that portion of the claim, the question for this court becomes whether or not any negligence of the driver is imputed to his employer in an action against a third party.

Plaintiff relies exclusively on Universal Underwriters Insurance Co. v. Hoxie, 375 Mich. 102, 133 N.W.2d 167, as authority for the proposition that imputed negligence is abolished in Michigan.

Despite dictum to that effect in the opinion, the doctrine of imputed negligence, as outlined in the Hoxie opinion, has been applied only in driver-passenger situations. Hoxie, supra; Sherman v. Korff, 353 Mich. 387, 91 N.W.2d 485; Ter Haar v. Steele, 330 Mich. 167, 47 N.W.2d 65; Bostrom v. Jennings, 326 Mich. 146, 40 N.W.2d 97; Parks v. Pere Marquette Ry. Co., 315 Mich. 38, 23 N.W.2d 196.

Those situations are clearly distinguishable from the one at bar, for in all of those cases, the party who would have been subrogor was held to be free from negligence for the purposes of the suit. Indeed, in Hoxie, supra, a subrogee's suit was permitted, but this followed an express finding that the Ownership Liability Statute did not apply for purposes of a suit by a guilt-free owner-subrogor against a third party.

The subrogor in Count II of the suit is A & C Carriers, and under the principles of the master-servant relationship, the negligence of their driver is clearly their own. Murphy v. Kuhartz, 244 Mich. 54, 221 N.W. 143; Stewart. v. Napuche, 334 Mich. 76, 53 N.W.2d 676, and cases cited therein at 334 Mich. 79, 53 N.W.2d 677. The argument advanced by plaintiff in this regard would lead to anomalous results.

Public policy has resulted in the doctrine of *respondeat superior*, which makes an employer liable for his employee's negligence in the course of his employment. Murphy, supra. However, the employer does have a right of action against the negligent employee for damages suffered as a result of this negligence. Grusiecki v. Jaglay, 260 Mich. 9, 244 N.W. 211. Likewise, one joint venturer may maintain an action against another for his negligence despite the fact that both are liable for that negligence in an action against them by a third party. Bostrom, supra.

In the instant action, however, standing as it does in the place of its insured for purposes of this action, plaintiff is liable for contributory negligence just as its subrogor would be in an action against a third party for negligence.

Were this an action against the driver for his negligence, plaintiff would stand in a different position, but what plaintiff contends for here is, in effect, an impairment of the doctrine of *respondeat su-*

*perior* under the guise of an attack on imputed negligence concepts.

The motion to strike as to Count II is denied.

As to the motion relating to Count I, there are questions as to certain facts which militate against granting the motion at this time. Motions to strike should not be granted unless the sufficiency of the defense is clearly inadequate. Garlock v. New York Tree Savers, Inc., D. C., 199 F.Supp. 59; Sanitized, Inc. v. S. C. Johnson & Sons, D.C., 23 F.R.D. 230.

Plaintiff contends that the relationship of Ivan St. John Co. to A & C Carriers was that of bailor to bailee, and the negligence of a bailee cannot be imputed to the bailor in an action for damages to the subject matter of the bailment. Defendant contends that the relationship was actually closer to that of employer-employee, and directs the court's attention to the lease agreement and its opinion in Citizens Mutual Automobile Ins. Co. v. Fireman's Fund Ins. Co., D.C., 234 F. Supp. 931.

The lease agreement clearly calls for Ivan St. John Co. to furnish the driver. Thus, defendant argues, that although there was testimony at the hearing that the driver was not an employee of the Ivan St. John Co., this may be a legal conclusion on the witness's part, and the matter should not be decided until the facts are fully known through discovery. No pretrial order has been issued in this case as yet.

The court in Citizen's Mutual, supra, examined all the facts and found that a driver was in fact an employee of both trucking companies involved in that suit. The nature of the instant case may well produce the same or similar factual findings, and for this reason, decision on the motion, relative to Count I, will be withheld pending completion of discovery.

An order may be submitted in accordance with this opinion.