BAJDEK *v.* TOREN.

1. MASTER AND SERVANT—SCOPE OF EMPLOYMENT—TRAVEL TO AND
   FROM WORK.
   Travelling to and from work generally does not come within the
   scope of one's employment.

2. SAME—SCOPE OF EMPLOYMENT—TRAVEL TO AND FROM WORK—
   EXCEPTIONS.
   Travel which is a natural incident of employment so as to make
   it just and proper for the employee to be considered acting
   within the scope of his employment gives rise to an exception
   to the general rule that travelling to and from work is not
   within the scope of employment.

3. SAME—SCOPE OF EMPLOYMENT.
   The test of liability of a master for his servant's acts is whether
   the servant was, at the time, acting within the scope of his
   employment.

4. SAME—SCOPE OF EMPLOYMENT—RETURN TRIP.
   An employee going on a mission or errand for his employer does
   not cease to act in the course or scope of his employment when
   starting on the return trip.

5. SAME—COMBINING PERSONAL AND MASTER'S BUSINESS.
   No inquiry will be made as to the business in which the servant
   was actually engaged when a third person was injured where
   the servant is combining his own business with that of his
   master, or attending to both at the same time, but the master
   will be held responsible unless it clearly appears that the
   servant could not have been directly or indirectly serving his
   master.

REFERENCES FOR POINTS IN HEADNOTES

[1–5]  35 Am Jur, Master and Servant § 57.7 *et seq.*
[6, 7]  35 Am Jur, Master and Servant § 600.
[8]  35 Am Jur, Master and Servant § 553 *et seq.*

6. Same—Scope of Employment—Question of Law for the Court.
Whether defendant employee of photographic studio driving homeward after taking pictures at a wedding reception was acting within the scope of his employment *held*, a question of law for the court, where the decisive material, controlling facts necessary to a determination of the question, was not in dispute.

7. Same—Scope of Employment—Question of Law or Fact.
Question whether a servant was acting within the scope of his employment at the time of an injury complained of may be a question of fact or of law; where there is no dispute as to the facts and they are susceptible of but one inference, the question is one of law and should not be submitted to the jury.

8. Same—Personal and Scope-of-Employment Business.
Defendant employee of photographic studio, who in driving homeward as authorized after taking pictures at a wedding reception may have been carrying out a personal purpose but was also fulfilling certain conditions imposed upon him by reason of his employment, *held*, to be within the scope of his employment as a matter of law at the time and place of an automobile accident which he caused.

Appeal from Kent; Searl (Fred N.), J. Submitted Division 3 October 3, 1967, at Grand Rapids. (Docket No. 2,474.) Decided March 19, 1968. Leave to appeal granted May 22, 1968. See 381 Mich 752.

Complaint for wrongful death by Jerome A. Bajdek, administrator of the estate of Judith E. Bajdek, against Kenneth L. Toren and Douglas, Herold, and Marie Lathrop. Verdict and judgment against defendant Lathrop. Verdict and judgment of no cause of action for defendant Toren. Plaintiff appeals. Reversed and remanded for entry of judgment against defendant Toren.

*Hillman, Baxter & Hammond,* for plaintiff.

*Allaben, Massie, Vander Weyden & Timmer,* for defendant Toren.

HOLBROOK, J.  Plaintiff, administrator of the estate of decedent Judith E. Bajdek, brought a wrongful death action[1] against defendants.  The deceased was a passenger in an automobile, which was negligently struck by another automobile driven by defendant Douglas E. Lathrop, and owned by defendants Herold and Marie Lathrop, his parents.  The accident occurred on August 16, 1964, at approximately 12:18 a.m. at the intersection of Valley avenue and Lake Michigan drive, in the city of Grand Rapids, Michigan.

A jury verdict in the amount of $30,000 was rendered in favor of plaintiff against defendants Douglas, Herold, and Marie Lathrop.  A verdict of no cause of action was rendered by the jury as to defendant Kenneth L. Toren, individually and doing business as Kendale Studios.  This latter verdict was upheld by the trial court on its denial of plaintiff's motion for judgment notwithstanding the verdict, or in the alternative, for new trial.

Plaintiff seeks to attach liability under the doctrine of *respondeat superior* to defendant Toren by reason of his employment of defendant Douglas Lathrop and contends that he was within the scope of his employment at the time and place of the motor vehicle accident as a matter of law.  Pertinent to this agency question are the following facts: defendant D. Lathrop, aged 19, was employed[2] as a studio manager trainee by defendant Toren.  As a part of his training, D. Lathrop was required to have a thorough knowledge of the entire business, including the taking of photographs.  In August of 1964, his job was taking pictures at the studio during the daytime working hours at an hourly wage of $1.25.

---

[1] CLS 1961, § 600.2922 (Stat Ann 1965 Cum Supp § 27A.2922).

[2] The trial court found, as a matter of law, that D. Lathrop was an employee of defendant Toren.  This ruling has not been raised or challenged on appeal by either party.

D. Lathrop, having previously accompanied another studio photographer on similar missions, arranged to photograph a wedding and reception on the evening of August 15.   The events of the evening are as follows: D. Lathrop left the studio at 4 p.m. after putting the studios' camera and film in his car; he then got something to eat and arrived at the church at about 5:45 p.m.   At the church he took approximately 24 pictures and then drove to the reception hall where he took additional pictures between 7 p.m. and 11:50 p.m.   During this time, according to his testimony, he had dinner, 2 mixed drinks, pop, coffee and cake; on leaving the reception hall he drove in a direct route homeward,[3] intending to return the camera and film to the studio Sunday, August 16, or the next working day, Monday, August 17.

57 CJS, Master and Servant, § 617, pp 411–413, states as follows:

*"The question whether a servant was acting within the scope of his employment at the time of the injury complained of may be a question of fact or of law.* Where the evidence is conflicting or more than one inference can be drawn therefrom, it is for the jury to determine, under appropriate instructions from the court, whether the servant was acting within the scope of his employment at the time of the injury complained of.   Whether the presumption raised by the evidence that the servant was acting within the scope of his employment has been successfully rebutted by testimony is usually a jury question. Where it is doubtful whether a servant in injuring a third person was acting within the scope of his authority, the doubt will be resolved against the master, as considered *supra* section 570, at least to

---

[3] The reception hall was located on the north side of Grand Rapids and the studio on the south side.   D. Lathrop lived about 4 miles southwest of Standale, which is about 12 miles west of Grand Rapids.

the extent of requiring the question to be submitted
to the jury for determination.

*"On the other hand, where there is no dispute as
to the facts and they are susceptible of but one in-
ference, the question is one of law and should not
be submitted to the jury."* (Emphasis supplied)

Plaintiff claims that D. Lathrop was in the scope
of his employment on leaving the reception hall and
in travelling homeward (and at the time and place of
the accident) because it was incidental to his work
and he was authorized to take the camera equipment
and exposed film home rather than return it to the
studio that same evening,[4] also that he was required
to safeguard the camera equipment and exposed
film, protect the exposed film by refrigerating it or
otherwise keeping it cool, and to charge the camera
battery pack within an hour after use. On the
other hand, defendant Toren contended that D.
Lathrop's employment ended when the latter finished
taking pictures and left the reception hall because
he was then on his own, without his employer's con-
trol, and was not required to return the camera
equipment and exposed film to the studio that same
night and was not so doing at the time and place of
the accident. Simply put, Toren contends that D.
Lathrop was going home and came within the gen-
eral rule that an employee on leaving his place of
work is no longer within the scope of his employ-
ment. Defendant Toren testified that he had never
refrigerated the film (although it was to be kept in
a cool place); and his daughter testified that the

---

[4] Testimony of D. Lathrop:
"*Q.* So, so far as Kendale was concerned, you didn't have to take
the film from the Viking Hall at 12 o'clock at night over to the closed
studio? You could take it home over night with you, provided you
protected the camera and equipment and kept the film cool so as to
remain undamaged, is that right?
"*A.* Yes."
This testimony was not disputed by defendant Toren.

camera battery pack had been charged the following day (apparently without any damage to the unit).

The taking of wedding pictures outside the studio and during other than normal working hours was a part of the services offered by Kendale Studios and the performance of such service was the job of a studio photographer. It is true that simply going to and from work does not come within the scope of one's employment; the reason for the general rule is that there is usually no control exercised by the employer over the employee as to the latter's arrival at and departure from work; and, moreover, there is no benefit to the employer under such circumstances in the normal course of events. See *Howard v. City of Detroit* (1966), 377 Mich 102 (a workmen's compensation case).

Exceptions to the general rule arise where travel (including homeward travel) becomes a natural incident of the employment so as to make it just and proper for the employee to be considered acting within the scope of his employment. In the instant case it clearly appears that D. Lathrop was about his employer's business, and acting for his employer's benefit (a) on leaving the studio for the church, (b) while taking pictures at the church, driving to the reception hall, and taking additional pictures there, (c) *while driving homeward as authorized by his employer,* and (d) in taking and protecting the camera equipment, because if he failed to do so the employer would have had to hire someone else to complete the task.

The fact that D. Lathrop's being allowed to take the camera equipment and exposed film home after taking the pictures may have been a convenience to him is not determinative. The act was, in any event, one of dual purpose, for Lathrop was also performing services for his employer (see *Nevins* v. *Roach*

[1930], 249 Mich 311, quoting at pp 313, 314 from Riley v. Roach [1912], 168 Mich 294, 307, *i.e.,* (a) safeguarding and protecting the camera equipment and exposed film[5] and (b) providing the necessary return of the camera equipment and exposed film to the studio, even though at a later time.[6]

In considering the area of service within the scope of employment, 57 CJS, Master and Servant, § 570, p 309 states as follows:

"Where the employment itself is one in which an employee is required to travel from place to place at the employer's will, the risks of such travel are directly incident to the employment, and the employer may be held liable therefor. An employee going on a mission or errand for his employer does not cease to act in the course or scope of his employment when starting on the return trip." (Footnotes omitted.)

Also, at p 310:

"An act may be within the scope of the servant's employment even though the predominant motive is to benefit himself, as discussed *infra* section 574."

And in section 574, p 329, the following appears:

"So it has been held that where the servant is combining his own business with that of his master, or attending to both at substantially the same time, no nice inquiry will be made as to the business in which the servant was actually engaged when a third

---

[5] Testimony of D. Lathrop:

"*Q.* So that your part of the Kendale photography process would be, (1), take the photographs; (2), protect the equipment and keep the film cool; and (3), return the film to the studio for further processing for the customer of Kendale, is that right?

"*A.* Yes."

This testimony was not disputed by defendant Toren.

[6] The returning of the camera equipment and exposed film by this "indirect route" does not present a "deviation" situation in that D. Lathrop was authorized to proceed homeward upon finishing his photographic work at the reception hall.

person was injured; but *the master will be held re-sponsible unless it clearly appears that the servant could not have been directly or indirectly serving his master."* (Footnotes omitted; emphasis supplied.)

Although there were conflicting statements by the witnesses as to the *extent* of the care and protection of the camera equipment and film required to be given by D. Lathrop after taking the pictures, there is no dispute as to the decisive, material, controlling facts in determining whether he was acting within the scope of his employment at the time of the accident, *i.e.,* in the performance of an authorized act incidental to his employer's business. It is possible to draw but one inference—although D. Lathrop in driving homeward as authorized after the reception may have been carrying out a personal purpose, he was *also* fulfilling certain requirements imposed upon him by reason of his employment and therefore was within the scope of his employment at the time and place of the accident. The question herein was one of law as is evidenced by the opinion of Mr. Justice McDONALD in the case of *Holden* v. *Meehan* (1927), 239 Mich 266, wherein it is stated on pp 269, 270, as follows:

"We think it was a natural incident of the work which he was employed to do. The material controlling facts necessary to a determination of this question were not in dispute. *It was therefore a question of law for the court."* (Emphasis supplied.)

Reversed and remanded for entry of judgment against defendant Kenneth L. Toren. Costs to appellant.

FITZGERALD, P. J., and BURNS, J., concurred.