GARDINEAR v. PERE MARQUETTE RAILWAY CO.

1. Motor Vehicles—Driver's Control—Lights—Brakes.

One driving automobile at night in this State must have vehicle under such control that it may be stopped within range of clear vision ahead, have lights enabling him to see clearly 200 feet ahead, and have brakes enabling him to stop within range of such lights.

2. Railroads—Motor Vehicles—Crossing Accident—Contributory Negligence.

One driving automobile against side of moving freight train which could have been seen in time to have stopped had he been driving at speed he should have driven and exercising proper diligence and attention is guilty of contributory negli gence.

3. Negligence—Imputed Negligence—Crossing Accident.

Contributory negligence of husband is imputable to wife suing for injuries received in railroad crossing accident while riding with him.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted October 5, 1933. (Docket No. 79, Calendar No. 37,365.) Decided December 5, 1933.

Separate actions of case by Olive Gardinear, individually and as administratrix of the estate of Luther Gardinear, against Pere Marquette Railway Company for damages resulting from a railroad crossing accident. Cases consolidated for trial. Verdicts for plaintiff. Judgments *non obstante veredicto* for defendant. Plaintiff appeals. Affirmed.

*Sol Blumrosen,* for plaintiff.

*John C. Shields* and *W. K. Williams,* for defendant.

POTTER, J.   Plaintiff was, on May 5, 1929, riding with her husband, Luther Gardinear, in an automobile along the South Lyons road going east.  The automobile collided with the defendant's train.  Her husband, Luther Gardinear, was killed, and plaintiff injured.  She sued defendant for $150,000.  Plaintiff was also appointed administratrix of her husband's estate and as such sued defendant for damages arising out of the same transaction for $100,000.  Plaintiff had verdict for $5,000 in her own right; she had verdict as administratrix of her husband's estate of $3,500.  On motion, judgment was rendered for defendant notwithstanding the verdict in both cases.  Plaintiff appeals.

There are many assignments of error.  It is unnecessary to discuss all of them.  It seems to be settled by the statutes and decisions of this State that one driving an automobile in the nighttime must have the vehicle under such control it may be stopped within the range of clear vision ahead; must have his vehicle equipped with proper lights to enable him to see clearly 200 feet ahead; must have the vehicle equipped with proper brakes kept in good working order to enable him to stop within the range of such lights; and if, by reason of inattention, want of diligence, failure to have proper lights or brakes, or of driving too fast, the person in charge of such automobile drives against the side of a moving freight train which could have been seen in time to have stopped and to have avoided the injury had the driver thereof been driving at the rate of speed he should have driven, and exercising proper diligence and attention, such person is guilty of contributory negligence which bars recovery.

In this case the decedent, Luther Gardinear, being guilty of contributory negligence under the undisputed facts, could not recover. The negligence of decedent is imputable to the plaintiff who was riding with him.

Judgment of the trial court affirmed, with costs.

McDonald, C. J., and Weadock, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.