FUNK *v.* TESSIN.

AUTOMOBILES—PEDESTRIANS.

In pedestrian's action for injuries sustained when motorist's car approached from the rear and struck her shortly after midnight, judgment on verdict for defendant is affirmed.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted January 10, 1936. (Docket No. 46, Calendar No. 38,502.) Decided April 6, 1936.

Case by Eva Funk against Fred M. Tessin for personal injuries sustained when struck by defendant's automobile. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*N. A. Cobb,* for plaintiff.

*George A. Winkler* and *Kelley, Sessions, Warner & Eger,* for defendant.

POTTER, J. Plaintiff sued defendant to recover damages occasioned by being hit by defendant's automobile. From a judgment for defendant, plaintiff appeals.

Plaintiff claims that at about 12:30 a. m., on February 11, 1934, while on Columbia avenue, in the township of Battle Creek, Calhoun county, Michigan, she was struck by an automobile operated by defendant driving in an easterly direction and approaching plaintiff from the rear and that as a result of being so struck she suffered injuries for which she seeks to recover damages.

In plaintiff's declaration she alleges five violations of the State motor vehicle law by defendant,

and in addition six grounds of common-law negligence. She claims defendant did not have adequate brakes, did not keep such brakes in repair; failed to keep his car under control so he could stop within the assured clear distance ahead; failed to properly operate his car, to stop the car to avoid hitting plaintiff; operated his car at an unreasonable and improper rate of speed; and failed to have the same equipped with proper headlights. She claims defendant failed to keep a proper lookout upon the highway; to stop when blinded by the lights of an oncoming automobile; to keep his automobile under control; to give due and timely warning to plaintiff; to make any proper effort or efforts to keep his automobile under proper control or to check the speed of the same or to stop the same to avoid collision; and to use every reasonable precaution to avoid striking the plaintiff. Defendant answered, claimed he was operating his automobile with due care and caution, denied he was guilty of any negligence, alleged he did not violate the provisions of the motor vehicle law; had sufficient brakes; had his automobile under control; that he in all things properly operated his automobile; operated it at a proper and reasonable rate of speed; his automobile was properly equipped with headlights; he was keeping a careful and proper lookout; was exercising due care and caution; there was no opportunity or occasion for giving any warning of his approach; he made every effort possible and used every precaution to avoid striking plaintiff. Defendant alleged plaintiff was guilty of negligence which caused or contributed to the injury in deliberately and intentionally in the night-time walking out onto that portion of the paved highway where she knew, or should have known, automobiles were traveling and failing

and neglecting to observe whether automobiles were approaching from the left when she should and could have known defendant's automobile was approaching by the glare of the lights therefrom; that plaintiff negligently entered a place of danger in the middle of a block where there was no crosswalk on a street customarily used for automobile traffic at a point where she was required to use the greatest care and caution; that she carelessly and heedlessly disregarded her own safety and did not take the precautions for her own safety which an ordinarily prudent person would or should have taken under the circumstances. Plaintiff replied and denied she was in any wise guilty of negligence and alleged she took due and proper precautions for her own safety.

The case was brought on for trial before the court, was submitted to a jury which rendered a verdict of no cause of action. Judgment was rendered upon the verdict. A motion for new trial was made alleging 14 reasons why a new trial should be granted. The court entered an order denying this motion and filed findings in support thereof. Plaintiff brings the case here by an appeal in the nature of a writ of error.

Both appellant and appellee have in pursuance of Court Rules Nos. 67, § 1, 68, § 1 (1933), stated the questions which they claim are involved. The questions are axiomatic and should be answered as each party contends. Their answer does not control decision of the case.

Ordinarily no point will be considered which is not set forth in or necessarily suggested by the statement of questions involved. Court Rule No. 67, § 1 (1933). I see nothing extraordinary about this case and think it should be affirmed for the reason the statement of appellant of questions involved

does not necessarily present to the court any reason why the judgment should be reversed. My brethren, however, think this court under the circumstances should examine the reasons and grounds for appeal under which "no errors shall be considered by the Supreme Court that are not included in such statement." Court Rule No. 66, § 3 (1933).

What are the reasons and grounds of appeal? (1) That the verdict therein was against the great weight of law and evidence; (2) That the testimony conclusively established the negligence of the defendant; (3) That there was no evidence of contributory negligence; (4) There was no showing that the plaintiff was warned in any way of the approach of the automobile of the defendant or had any cause to suspect its approach. We consider these four reasons alleged by plaintiff for reversal together.

Constitution of 1908, art. 2, § 13, provides "the right of trial by jury shall remain." And this right of trial by jury which is to remain is the right as it existed before and at the time of the adoption of the Constitution, the right as it had become known to the previous jurisprudence of the State. *Swart* v. *Kimball,* 43 Mich. 443.

"This court has no power in law cases to weigh or construe evidence and make inferences or deduce results. That jurisdiction is confined to other tribunals. Its authority in reviewing law matters is restricted to questions of law." *Yelverton* v. *Steele,* 40 Mich. 538.

"We cannot weigh evidence, determine facts, or review the findings of the court below upon questions of fact." *Holcomb* v. *Sayers,* 173 Mich. 238.

If there was conflicting testimony upon any material question in the case, plaintiff was not entitled

to a directed verdict. *Freeman* v. *Millen,* 232 Mich. 271.

Although it is contended the verdict was against the great weight of the evidence, this question must be considered with due regard to the rule that the weight to be given the evidence was for the jury (*Yacobian* v. *Vartanian,* 221 Mich. 25), and that defendant gave evidence not only to dispute the claim made by plaintiff, but to support his claim that plaintiff was guilty of contributory negligence and that thereby a case was made for the jury (*Goonen* v. *Railroad Co.,* 218 Mich. 502).

In the trial of a lawsuit the trial judge determines the law, the jury passes upon the credibility of the witnesses, the truthfulness of their statements, and ascertains and determines the facts.

A motion for a new trial was made. This was denied and reasons given by the trial court therefor. Under Court Rule No. 66, § 6 (1933), decision of the trial court denying a motion for a new trial shall be reviewed by the Supreme Court. In denying plaintiff's motion for a new trial, the trial court said there was ample evidence tending to establish that plaintiff was guilty of contributory negligence if believed by the jury and as the question of the credibility of the various witnesses is for the jury, it cannot be said that their verdict is contrary to the great weight of the evidence. This is a cogent reason for the trial court's denial of plaintiff's motion for a new trial upon this ground.

Were there disputed questions of fact involved in the case?

The accident in question occurred on a paved street. Plaintiff's declaration says nothing about the pavement, whether plaintiff was off or on the pavement at the time she was struck by defendant's

automobile. Plaintiff took the stand in her own behalf and testified she was walking along the street in company with a Mr. Misner.

"We had not been walking on the pavement. With reference to the south edge of the pavement, we walked off the pavement. The road there is dirt and cinders; hard ground. * * * I was walking on the ground out there. * * * I was walking to the right of Mr. Misner. I was between him and the pavement. * * * I am sure I was walking all of three feet off the pavement. * * * I was two and one-half to three feet from the edge of the pavement."

Mr. Misner, who was with the plaintiff, testified plaintiff did not walk on the pavement though sometimes she might have been around the edge of it.

If plaintiff's contention was correct, defendant must have driven off the paved portion of the highway and struck her when she was not on the paved portion of the highway. If defendant did this, he would be likely to be held liable for plaintiff's injuries unless she was guilty of some contributory negligence which barred her right of recovery.

The difficulty with plaintiff's claim arises from the testimony and the situation as shown at the point of accident. It is undisputed, except by this testimony which inferentially indicates defendant's automobile must have been off the paved portion of the highway, that defendant's automobile was on the paved portion of the highway at the time of the alleged accident; that it was on the right-hand side of the paved portion of the highway, in the ruts in the snow and ice where automobile traffic usually and ordinarily passed; that defendant was not off the paved portion of the highway with his automobile at all but operating his automobile in the place

where it should under the circumstances be usually and ordinarily operated.

Earl Sutton, a deputy sheriff who was called to the place of accident, testified defendant, immediately after the occurrence of the accident and while he was there, said plaintiff was on the pavement at the time she was struck. Defendant testified plaintiff was taken to the hospital and he went to the hospital and took plaintiff home and "she says, 'Where was we walking,' and I says, 'On the pavement,' and she says 'Was we?' and I said 'Yes.'" Eva Buckner, who was riding in defendant's automobile at the time of the accident, says defendant was not at any time off the pavement with his automobile. Frank Erwin, a police detective of the city of Battle Creek, says he came to the scene of the accident and plaintiff there told him she was walking on the pavement at the time she was struck. William Bracy also testified plaintiff told him she and Mr. Misner were walking on the edge of the pavement when they were struck by defendant's automobile. Mrs. Ritchie, who was riding with defendant in his automobile at the time of the accident, says defendant's automobile was not a foot from the black mark in the center line of the paved portion of the highway and there was at least 42 inches to four feet between the south side of defendant's automobile and the south edge of the pavement at the time the accident occurred.

Defendant says he was driving a model A Ford car on a 20-foot pavement with a black line through the center thereof and had been driving about 20 miles an hour, on the right-hand portion of the pavement about one foot from the center line thereof; there was snow on the ground and some ice upon the pavement and in other places the pavement was bare; there were well-defined tracks used by east-

bound automobiles at the place where he collided with plaintiff; his automobile was equipped with proper lights and he had a clear view ahead of him for a distance of approximately 400 feet; as he was proceeding along this highway he could see plainly more than 200 feet ahead of his automobile and when a short distance from where the accident occurred another automobile turned into Columbia street about 200 feet away and headed toward him; up to that time there had been no one on the pavement ahead of him and he had a clear view and made observation thereof; that as the other automobile approached him, its lights had a tendency to obscure his vision and he took his foot off the accelerator and slowed his automobile down to about 10 miles an hour; that as this approaching automobile got far enough along so the lights thereof did not blind him he first saw Mr. Misner on the pavement about six feet ahead of him; that he was then running approximately 10 miles an hour, attempted to put on the brake but the right headlight of his automobile hit Mr. Misner who fell to the south side of the pavement; and plaintiff was struck at about the same time although defendant says he did not see her until after he stopped the automobile and assisted plaintiff. Plaintiff fell on the pavement.

The jury had the claims of the respective parties before it. Its function was to determine whether under all the circumstances plaintiff's injury was due solely to defendant's claimed negligence or whether plaintiff's claimed negligence contributed thereto. It had to pass upon the credibility of the witnesses and the claims of the parties. Plaintiff in her testimony indicates defendant drove off the paved portion of the highway. If he did not, then he could not have hit her if she was where she testified she was. Nobody claims directly defendant was

off the paved portion of the highway at the time of the accident. The testimony of the deputy sheriff, of the police detective, of the parties who were with defendant and others all sustains defendant's contention that his automobile at the time of the injury was on the paved portion of the highway and tends to refute the claim made by plaintiff in her testimony. The proof indicates defendant's automobile was stopped immediately after the accident and remained where it was stopped until after the plaintiff was taken to the hospital. The proof is overwhelming the accident occurred on the pavement and not off it where plaintiff claims she was at the time she was struck.

The question is whether, under the facts as indicated by the testimony, there was a question to submit to the jury as to plaintiff's contributory negligence. Was there sufficient testimony upon which the jury could legitimately base a finding she was guilty of contributory negligence? The jury must have been satisfied the accident did not occur as plaintiff claimed.

Plaintiff claims she was walking about three feet or thereabouts from Misner and although she says in one place in her testimony she was walking on the right side of Mr. Misner, she also testifies she was walking between him and the pavement. It is clear from her cross-examination she was not on Mr. Misner's right side but on his left. The time elapsing between when defendant had a clear view of the point of accident and the time it occurred was not great. There was ample room for the jury to find that Misner and plaintiff had been walking off the pavement on the right-hand side thereof and suddenly stepped onto the pavement into the line of traffic of defendant's automobile without paying any heed to his oncoming automobile whose headlights

were working, and that they were guilty of contributory negligence in so doing; that had they not suddenly stepped upon the pavement in front of defendant's automobile the accident would not have occurred.

In passing upon the contributory negligence of plaintiff it was necessary for the trial court to submit the case both on the theory plaintiff was off the paved portion of the highway and on the theory she was on the paved portion of the highway. This the, trial court did. There was, therefore, as found by the trial court ample evidence of plaintiff's contributory negligence and that question was submitted to the jury that found against plaintiff, and there was no error in the trial court so submitting it.

(5) Plaintiff claims the trial court erred in charging the jury:

"I further instruct you that, if you find from the evidence that the plaintiff was in a position of danger from east-bound traffic and on the paved street where she saw the lights from defendant's car approaching, or could have seen the lights from defendant's car if she had taken such observations as an ordinary prudent person would take, that fact if you find it to be a fact, is a circumstance which you are to consider while on the subject of plaintiff's contributory negligence, for it is the law that a man is bound to see what the facts in the case indicate could have been seen if he had looked, and it is for this jury to determine, from all the circumstances of the case, whether the plaintiff used ordinary care for her own safety in the position in which she placed herself."

The trial court had already charged the jury prior to using the language complained of:

"All persons, pedestrians and vehicles, have a right to use the highways, and the right of no one is

superior to that of another. All persons using the highway must conform to the law of the road. * * *

"I charge you that if you find under the evidence in this case that plaintiff was walking on the pavement, that of itself is not negligence.

"I charge you that plaintiff has a right to walk on the pavement, a right which defendant was bound to respect. Defendant also had a right to use said highway. The rights were mutual and coordinate. Both pedestrians and drivers of motor vehicles are bound to exercise reasonable care for their own safety and the safety of others upon the highway. The footman is not required, as a matter of law, to look both ways and listen, but only to exercise such reasonable care as the case requires. Both pedestrians and drivers are required to exercise that degree of care and prudence which the conditions demand.

"A pedestrian or person on foot is not bound or required as a matter of law to look both ways and to listen to ascertain whether somebody is approaching from the rear, providing he is on the right location on the highway, but only to exercise such reasonable care as the occasion required. In other words, there is no imperative rule of law requiring pedestrians lawfully using the public highway to be continually looking or listening to ascertain automobiles are approaching from the rear; at least, they need exercise no more care than ordinary careful and prudent persons would use.

"Plaintiff had a legal right to walk on any part of the highway, exercising, however, the care of a reasonably prudent person for her own protection and preservation. It is for you as members of the jury to determine whether or not the plaintiff in walking where she did was using ordinary care for her own safety as she was walking easterly along said highway."

The portion of the charge complained of was followed by the court charging:

"I further instruct you that if you find that the plaintiff was walking upon the pavement, that that in itself was not negligence that contributed in the eyes of the law to the accident. The plaintiff had a right to be upon the pavement and to walk thereon, and she was not required to walk upon the shoulder or the edge of the pavement on the penalty of being charged with contributory negligence in case of an injury."

When considered in connection with the other portions of the trial court's charge, we are not impressed that the portion of the charge complained of constitutes reversible error, and, upon the theory of defendant which was sustained by testimony, the portion of the charge of the court complained of was proper.

(6) Plaintiff also complains of that portion of the charge of the trial court where it was said:

"I further charge you that while pedestrians, while in a public highway, have a right to assume that the driver of an automobile will use ordinary care for their protection, yet they must not rest content on that assumption and take no care for their own safety. And if you find that plaintiff was walking along in the path of east-bound automobiles, where she knew automobiles were frequently traveling, and where the lights of defendant's car were visible and she should or could have seen the lights from defendant's car had she looked and did not do so, then, if you find that to be the fact, plaintiff was guilty of contributory negligence and could not recover."

This portion of the charge emphasized that plaintiff was not in the exercise of due care if she was careless; that no care at all is not due care; that if she was off the pavement and carelessly walked onto it in front of the defendant's oncoming automobile,

the lights of which could be plainly seen, she was guilty of contributory negligence. And this seems to be the law.

(7) Complaint is also made that the trial court charged the jury:

"I therefore charge you that if you find by a preponderance of the evidence that defendant acted as a reasonably prudent person would have acted under the circumstances, or that the plaintiff failed to act as a reasonably prudent person would have acted, and was guilty of some negligence that contributed to the accident, then plaintiff cannot recover, and your verdict should be one of no cause for action."

Cases where a pedestrian was struck by a motor vehicle coming from behind have frequently been before this court. *Graham* v. *Evening Press Co.,* 135 Mich. 298; *Korstange* v. *Kroeze,* 261 Mich. 298; *Tio* v. *Molter,* 262 Mich. 655; *Flannigan* v. *Harder,* 268 Mich. 564; *Warwick* v. *Blackney,* 272 Mich. 231; *Kirl* v. *Zinner,* 274 Mich. 331.

Probably the case most nearly like the case at bar is that of *Tio* v. *Molter, supra,* where it is said:

"The driver of defendant's car testified that the lights were in first-class condition and that he was looking straight ahead as he approached the point of accident and that he saw no one on the pavement. Even plaintiff testified he was not upon the pavement. But there is ample proof to justify the conclusion that plaintiff was upon the pavement when he was struck by the automobile. If the jury believed the driver's testimony, almost of necessity it would have found that the reason the driver of the car did not see any one ahead of it as he approached the point of the accident was because the injured person stepped upon the pavement at the point of the accident immediately in front of the automobile.

If the accident happened in this manner, it could not be held as a matter of law that the driver of the automobile was guilty of negligence or that plaintiff was free from contributory negligence. The law is well settled that under such circumstances the plaintiff would have been guilty of contributory negligence if he attempted to cross the pavement without making any observation as to approaching vehicles. He was bound to use the care that an ordinarily prudent person would have used under like circumstances. * * * Assuming that plaintiff was walking in an easterly direction upon the southerly part of the paved portion of the highway, which he had a right to do, he was bound to exercise reasonable care for his own safety.

" 'Pedestrians in a public highway have a right to assume that the driver of an automobile will use ordinary care for their protection, but they may not rest content on that assumption and take no care for their own safety.' * * *

" 'One traveling along or crossing a street or highway is not necessarily required to look back for the approach of vehicles; if struck by an auto coming behind him, his negligence presents a jury question.' * * *

" 'A pedestrian, equally with the operator of an automobile, has the right to be on and to use the traveled part of the highway, and is not restricted to crossings at street intersections or sidewalks, but may proceed along the street. * * * (But) one who uses the roadway for sidewalk purposes without taking any precautions for his own safety though he can see the lights of an automobile which strike him long before it reaches him, is guilty of contributory negligence barring recovery for the injury received.' "

This language used and approved by this court justifies the charge of the trial court herein.

The trial court further charged:

"That if you find under the evidence in this case that plaintiff was not on the pavement when she was struck by defendant's automobile but was walking along the shoulder to the south of the pavement and defendant drove his car out on the shoulder and struck her then she is not guilty of contributory negligence.

"That even if you find from the evidence in the case that plaintiff was walking on the pavement on the south side thereof, where she had a lawful right to be, she would not be guilty of contributory negligence unless she failed to act as a reasonably prudent person would have done in failing to discover the approach of defendant's automobile and use due care for her own protection.

"That if you find that defendant did not have his automobile under control and drove it at such a rate of speed that he was unable to stop it within the assured clear distance ahead, that is in the range of his lights, and prevent the accident, then he would be guilty of negligence.

"Every person operating an automobile must use that degree of care which a reasonable person of ordinary prudence would exercise under the same or similar conditions. He is bound to exercise care commensurate with the dangers naturally incident to the use of such vehicle. In some situations greater care is required than in others, depending upon all the circumstances which then exist, and a person is required to use such care as is commensurate with the circumstances and conditions, having in mind the weather conditions, the time of day or night, the frequency or infrequency of travel, the traffic on the highway, and all the surrounding circumstances and conditions attending the time and place of the accident. He is obliged to take notice of conditions before him, and if it is apparent that by reason of some particular method of proceeding he is liable to work an injury, it is his duty to adopt some safer method, if with reasonable care and prudence he can do so. He is bound to anticipate that he may meet other vehicles or pedestrians at any point in the street, and he must keep a proper lookout for them and keep his machine under such control as will enable him to avoid a collision with any other person using proper care and caution."

Near the end of the charge the trial court charged that in arriving at their verdict the jury was

"Not to be influenced by the statement of any counsel or attorneys to the effect that they think the testimony proves this fact or that the testimony does not prove such a fact, except insofar as your judgment leads you to coincide with them in that regard. And it is not the desire nor the right of the court to influence you in any way in the determination of these questions of fact, and it is not my intention to assume that any fact in dispute has been proven or has not been proven, but those matters are solely for your consideration, being governed by the evidence as you find it given upon the witness stand, and in that connection you have a right to consider the interest or bias or prejudice of any witness who has appeared upon the stand and given testimony here, insofar as those things appear from the evidence in the case and weigh his or her testimony in the light of his inclinations to be fair or unfair, as you find them established."

We think the charge of the trial court considered as a whole contains no reversible error, that the jury could not have misunderstood the issues of negligence and contributory negligence submitted to them. There was ample testimony to support the verdict.

(8) The trial court was not in error in refusing a new trial.

Judgment of the trial court is affirmed, with costs.

EDWARD M. SHARPE and TOY, JJ., concurred with POTTER, J. NORTH, C. J., and FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred in the result.