MORTON *v.* PETERMAN.

1. APPEAL AND ERROR—MOTION FOR JUDGMENT NON OBSTANTE VERE-
   DICTO.
   On defendant's appeal from denial of motion for judgment *non
   obstante veredicto,* the testimony must be viewed in the light
   most favorable to plaintiff.

2. AUTOMOBILES—OPERATION OF BRAKES—WRONG SIDE OF STREET.
   Some allowance must be made for time required for the requisite
   mental and physical operations in the application of automobile
   brakes, especially when, without negligence on his part, the
   driver is suddenly confronted with the necessity of action and
   at first believes the other motorist would obviate the danger
   by getting onto his own side of the street in time to avoid an
   accident.

3. SAME—WRONG SIDE OF STREET—CONTRIBUTORY NEGLIGENCE.
   In action by passenger of car being driven easterly on one street
   against motorist who turned onto such street from the north
   around a corner near which cars were parked, trial judge's
   refusal to find plaintiff's driver guilty of contributory negli-
   gence as a matter of law *held,* proper where, although he could
   have stopped within a few feet after he first saw defendant
   partially on the south side of the street, he did not do so
   because he believed defendant would return to proper side of
   street (1 Comp. Laws 1929, § 4703).

4. SAME—WRONG SIDE OF STREET—NEGLIGENCE.
   A motorist who turned a corner near which cars were parked
   and drove onto wrong side of street was guilty of negligence
   (1 Comp. Laws 1929, § 4703).

5. SAME—PARKED CARS—TURNING CORNER—WRONG SIDE OF STREET.
   If parked cars render it difficult or even impossible for a motorist
   to turn a corner without passing to wrong side of street onto
   which he drives, he is bound to exercise such care as would
   obviate collision with cars lawfully travelling in opposite direc-
   tion on such street (1 Comp. Laws 1929, § 4703).

6. SAME—NEGLIGENCE—TURNING CORNERS—WRONG SIDE OF STREET—
   QUESTION FOR JURY.

> Whether or not motorist who turned right at corner near which
> cars were parked on both streets was guilty of negligence was
> properly submitted to jury as a question of fact where evidence
> shows his speed to have been about 20 miles an hour and that
> he was partially over center line of narrow street when he col-
> lided with car in which plaintiff was riding (1 Comp. Laws
> 1929, § 4703).

Appeal from Muskegon; Sanford (Joseph F.), J.
Submitted October 11, 1939. (Docket No. 115, Cal-
endar No. 40,787.) Decided December 19, 1939.

Case by Ethelyn Morton against W. L. Peterman
for damages for personal injuries sustained in an
automobile collision. Verdict and judgment for
plaintiff. Defendant appeals. Affirmed.

*F. E. Wetmore,* for plaintiff.

*Clifford A. Mitts, Jr.,* for defendant.

NORTH, J. Plaintiff while riding in an automobile
driven by her son received personal injuries as a
result of a collision with defendant's automobile
while being operated by him. She charges the col-
lision occurred because of defendant's negligence
and without contributory negligence on the part of
herself or her driver. On trial by jury plaintiff had
verdict. Defendant's motion for judgment *non
obstante veredicto* was denied. From judgment en-
tered on the verdict defendant has appealed. He
asserts that under the record the trial judge should
have held as a matter of law plaintiff's driver was
guilty of contributory negligence; and that there was
no proof of negligence on the part of defendant.

The collision occurred in the daytime on a paved
street in the city of Muskegon. The streets at the

corner near which the collision happened were free from abnormal conditions, except it is claimed the automobiles parked adjacent to the curbs at and near the corner entered into the conditions which resulted in the accident. Plaintiff's son was driving easterly on Delaware street 12 to 15 miles per hour. This street is 29½ feet from curb to curb, and cars were parked on each side close to the curb. Delaware ends at Sophia street which extends north and south and is 29 feet wide between curbs. Cars were also parked on the west side of Sophia at and near the northwest corner of Delaware. Defendant driving south on Sophia turned to his right and around the parked cars into Delaware street. He was driving about 20 miles per hour, and in turning he drove his car to the south of the marked center line of Delaware street. Plaintiff's car traveled 20 to 25 feet, or possibly less, after her driver saw defendant rounding the corner and before the collision occurred. Her car was on its side of the center line, but due to narrowness of the street and the adjacent parked cars was only about a foot south of the center line. Her driver testified that while he did not apply his brakes "immediately," he started to do so, and he "tried to stop," and his car was "practically at a standstill" when struck by defendant's car. When the front left-hand corners of the two cars collided, the left front wheel of defendant's car was about a foot south of the center line of the street.

Defendant claims that plaintiff's driver was negligent as a matter of law in that he did not apply his brakes "as hard as he could" instantly on seeing defendant's car rounding the corner. We quote from appellant's brief:

"Plaintiff's driver, when he first saw defendant's car, applied his brakes, but not as hard as

he could. If he had applied his brakes as hard as he could, traveling at the rate of speed that he was, he could have stopped his car in 4 or 5 feet. Instead of applying his brakes as hard as he could, however, he drove on 12 feet and then applied them."

But in this connection plaintiff's driver testified he thought when he first saw defendant's car that the latter would turn sharply enough and quickly enough to get onto his proper side of the street before the cars met. Defendant's contention that plaintiff's driver should have fully applied his brakes at a point 12 feet west of where he did presents only an issue of fact, not one of law. Viewing the testimony in the light most favorable to plaintiff, as we must on this appeal, the cars collided within a fraction of a second after plaintiff's driver saw defendant's car. Some allowance must be made for time required for the requisite mental and physical operations in the application of automobile brakes (*Torbert* v. *Smith's Estate,* 250 Mich. 62), especially when, without negligence on his part, the driver is suddenly confronted with the necessity of action; and when, as here, the driver of one car at first had the impression or belief that the danger would be obviated by the other driver getting onto his own side of the street in time to avoid an accident. The trial judge correctly refused to find plaintiff's driver guilty of contributory negligence as a matter of law.

By driving his car on the wrong side of the street (1 Comp. Laws 1929, § 4703 [Stat. Ann. § 9.1571]), defendant was guilty of negligence. *Holmes* v. *Merson,* 285 Mich. 136. In proceeding on the wrong side of the street, defendant "assumed the risk of his conduct." *Sanderson* v. *Barkman,* 264 Mich. 152; *Paton* v. *Stealy,* 272 Mich. 57. If parked cars rendered it difficult or even impossible for defendant to

turn the corner without passing to the south of the center line of Delaware street, he was bound to exercise such care as would obviate collision with eastbound vehicles lawfully traveling on that street. That the circuit judge submitted the question of defendant's negligence to the jury as an issue of fact affords defendant no ground for complaint.

Judgment entered in the circuit court is affirmed, with costs to appellee.

BUTZEL, C. J., WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER and McALLISTER, JJ., concurred.