TER HAAR v. STEELE.

1. AUTOMOBILES—NEGLIGENCE OF EMPLOYEE DRIVER IMPUTED TO IN-
   JURED PLAINTIFF.
   The contributory negligence of plaintiff's employee who was
     driving plaintiff's truck in which plaintiff was riding when
     injured by collision with defendant's truck is imputable to
     plaintiff.

2. SAME—ASSURED CLEAR DISTANCE AHEAD—MOVING VEHICLES—
   STATUTES.
   The assured clear distance ahead statute applies to vehicles
     proceeding in the same direction and the assured clear dis-
     tance is the actual distance between the leading vehicle and
     the following vehicle (CL 1948, § 256.305).

3. SAME—ASSURED CLEAR DISTANCE AHEAD—INSTRUCTIONS.
   Instruction relative to the matter of plaintiff's assured clear
     distance ahead with respect to defendant's truck which had
     been preceding plaintiff's truck and stopped partially off
     right side of a 2-lane pavement *held,* a fair statement of
     the law as it applied to the facts before the jury (CL 1948,
     § 256.305).

4. SAME—ERRONEOUS INSTRUCTION—EVIDENCE.
   Instruction that it was a question for the jury as to whether
     or not defendant's truck was moving or not at time it was
     struck when overtaken by plaintiff's truck did not consti-
     tute prejudicial error, where both parties had testified that

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur, Automobiles, § 499.
[2, 3, 8] 5 Am Jur, Automobiles, § 263.
[2, 3, 8] Driving automobile at speed which prevents stopping with-
    in range of vision as negligence. 44 ALR 1403; 58 ALR 1493;
    87 ALR 900; 97 ALR 546.
[5] 5 Am Jur, Automobiles, § 171 *et seq.*
[5] "Emergency rule" as applied to automobile drivers.   6 ALR
    680; 27 ALR 1197; 79 ALR 1277; 111 ALR 1019.
[6] 53 Am Jur, Trial, § 542.

defendant's truck was stopped, as jury would not be misled by such a patent mistake.

5. SAME—INSTRUCTIONS—SUDDEN EMERGENCY.

Instruction relative to sudden emergency which is alleged to have confronted plaintiff as defendant's truck was stopped partially off the right side of a 2-lane pavement just ahead of overtaking plaintiff *held*, not to have misled jury, where it clearly explained that it was plaintiff's actions after the alleged emergency had arisen through defendant's fault that were covered by the emergency rule.

6. SAME—INSTRUCTIONS—PARKING ON PAVED PORTION OF HIGHWAY —STATUTES.

Court's instruction as to practicability of parking off the paved portion of the highway in the language of pertinent statute without amplification thereof in action against defendant who parked his truck partially off the right side of the highway when his recently-repaired lights failed him shortly before being struck from rear by plaintiff's truck, was not error, notwithstanding other parts of the statute were amplified in other portions of the charge, where statute was self-explanatory and unambiguous (CL 1948, § 256.326).

7. SAME—RULES OF THE ROAD—SPEED—PUBLIC SAFETY.

The rules of the road are a balance of 2 conflicting public interests of safety and the speedy and efficient flow of traffic, and in the statute relative to speed at which a vehicle may be driven, the legislature has placed safety foremost (CL 1948, § 256.305).

8. SAME—ASSURED CLEAR DISTANCE—PARKING ON PAVEMENT—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

The assured clear distance of motorist who operated truck following defendant's truck at 8 p.m. early in October was never greater than to the rear of the truck immediately ahead and when latter's lights went out and he was in obvious difficulty the motorist in the rear could not assume that because defendant drove his truck to the right partly off the 2-lane pavement that he would follow any predictable course and whether such motorist's assumption that defendant would do so was contributory negligence was properly left to jury under proper instruction (CL 1948, §§ 256.305, 256.326).

Appeal from Gratiot; Cash (Paul R.), J. Submitted January 5, 1951. (Docket No. 72, Calendar No. 45,014.) Decided April 3, 1951. Rehearing denied May 14, 1951.

Case by Earl Ter Haar against James Steele for personal injuries sustained when motor vehicle in which he was riding struck defendant's truck. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Leo W. Hoffman* and *Dwight M. Cheever,* for plaintiff.

*Ballard, Jennings, Bishop & Ellsworth (Everett R. Trebilcock,* of counsel), for defendant.

BUTZEL, J. Earl Ter Haar, plaintiff, was seriously injured when the panel truck in which he was riding collided with a truck owned by James Steele, defendant. The case was submitted to a jury who found no cause of action. A motion for a new trial was denied and Ter Haar has taken this appeal.

On October 8, 1948, at about 8 o'clock in the evening, after dark, Ter Haar was riding in his truck, driven by Richard Underhill, his employee. The collision occurred about 2½ miles west of St. Louis, Michigan, while they were driving west on M-46, a 2-lane highway. They had been working in Hemlock, Michigan, and were returning home to Grand Rapids. Ter Haar was sleeping at the time of the accident. Neither party questions the law that any contributory negligence of Underhill's would be imputable to his employer, the plaintiff.

Underhill testified that as he approached the defendant's truck he noticed that its taillights were flickering on and off, and that this made him apprehensive. As he came closer he attempted to pass,

but did not because of oncoming traffic. Steele's lights then failed completely, and Steele started to drive on to the shoulder of the road. After going a few feet, he stopped partially on the road, and partially on the shoulder, without giving a signal of any kind. Underhill testified that when the defendant's lights went out he had time to stop, and he did apply his brakes, but when the defendant started to drive off the road, he assumed that he would continue off and Underhill released his brakes. When Steele stopped, Underhill attempted to pass, but because of approaching traffic he did not think he could safely do so. He reapplied his brakes but it was too late and he collided with the rear of the defendant's truck. There was some testimony on Underhill's part, during the cross-examination, that might have led the jury to believe that he was following too closely and could not stop in time to avoid the accident.

The defendant's version of the accident differed in this respect. Steele testified that when his lights went out he had difficulty in stopping his truck as he was on a downgrade and his truck was loaded. He traveled a considerable distance before he stopped, although he applied his brakes immediately. He also testified that he had come to a complete stop and had waited almost 30 seconds before he was struck.

Steele's testimony was supported by that of the ambulance driver who took Ter Haar and Underhill to the hospital. He testified that Ter Haar asked Underhill what had happened and that Underhill replied that he did not know, that he was drowsy at the time of the accident. Plaintiff and Underhill testified that they did not remember the ambulance trip.

There was additional testimony by Steele, not material to our decision but which might have influenced the jury, to the effect that he had had trouble with

his lights, and that he had stopped in Alma, Michigan, where they were apparently repaired. He also testified that when his lights went out he could not see the shoulder of the road and did not know whether it was safe to leave the pavement. The reason he went partially off the road was to allow room for eastbound traffic to pass in the event that they did not see him. He was waiting for eastbound traffic to pass when he was struck. These were the facts that were submitted to the jury, who decided in the defendant's favor.

Ter Haar's theory is that when Steele started to leave the pavement Underhill had a right to assume that he would continue off the road and that when Steele stopped on the highway Underhill was confronted with a sudden emergency.

There are several claimed errors in the instructions to the jury. The first is that the court incorrectly charged the jury as to the assured clear distance ahead statute,* and did not limit the application of the statute to the appropriate factual situations. The court instructed the jury that "the assured clear distance between moving vehicles * * * proceeding in the same direction cannot be in excess of the actual distance intervening between the leading vehicle and the following vehicle. This applies to moving vehicles only, not a parked one." The plaintiff contends that this would permit the jury to find that, if the facts were that Underhill was following at 40 feet behind the defendant and could not stop within 40 feet, he would be guilty of negligence. Ter Haar claims that under the above facts he would not necessarily be guilty of negligence for the assured clear distance ahead statute does not apply to moving vehicles when the vehicle in front stops sud-

---

* CL 1948, § 256.305 (Stat Ann 1947 Cum Supp § 9.1565), now PA 1949, No 300, § 627 (CL 1948, § 257.627 [Stat Ann 1949 Cum Supp § 9.2327]).

denly, without warning, and the need to stop is not apparent to the driver of the following vehicle, citing *Weaver* v. *Motor Transit Management Co.,* 252 Mich 64. This instruction was not error. If the plaintiff was following too closely, then he was guilty of negligence. The assured clear distance statute applies to moving vehicles, *Winslow* v. *Veterans of Foreign Wars National Home,* 328 Mich 488; *Gordon* v. *Hartwick,* 325 Mich 534, and the assured clear distance can be no greater than to the rear of the first vehicle, *Fugere* v. *Aronson,* 285 Mich 661. The *Weaver Case, supra,* does not create an exception to the assured clear distance statute. In that case we held that PA 1919, No 236,* created a rebuttable presumption of negligence only. The assured clear distance statute was not construed.

We find it unnecessary to detail the balance of the appellant's contentions in this regard. The greater part of the charge on the assured clear distance statute was taken from instructions we had already approved in *Funk* v. *Tessin,* 275 Mich 312; *Buchel* v. *Williams,* 273 Mich 132; *Thompson* v. *Southern Michigan Transportation Co.,* 261 Mich 440; *Ruth* v. *Vroom,* 245 Mich 88 (62 ALR 1528); *Gardinear* v. *Pere Marquette R. Co.,* 265 Mich 286; *Lett* v. *Summerfield & Hecht,* 239 Mich 699; and there is no necessity for a lengthy discussion of the already well considered questions that are raised by the appellant on this subject. A reading of the charge on the assured clear distance statute convinces us that it was a fair statement of the law as it applied to the facts before the jury.

The appellant further contends that the court erred in stating to the jury that one of the questions for its consideration was whether or not the defendant's truck was moving when it was struck. One of

---

* See PA 1949, No 300, § 402 (CL 1948, § 257.402 [Stat Ann 1949 Cum Supp § 9.2102]).

the witnesses testified that he did not know whether the truck was moving or not; both parties testified that it was stopped. We fail to see how a jury could be misled by this patent mistake. There was no prejudicial error.

The court, when stating the claims of the parties to the jury, said:

"Now the plaintiff claims, also, that he was faced with a sudden emergency, and I will explain that later on; and that this sudden emergency more or less excuses any negligence that might be attributed to the plaintiff or his driver on account of this accident."

In a later part of his charge, the court gave the instructions requested by the plaintiff relative to sudden emergency. The plaintiff claims that the above quoted statement is error, for "the court gave the jury the impression that the plaintiff admitted negligence on the part of driver Underhill and claimed that the emergency rule excused such negligence." There was no error. The plaintiff's requested charge was a complete and unambiguous statement of the law of sudden emergency and clearly explained that it was the plaintiff's actions after the emergency had arisen through the defendant's fault that were covered by the sudden emergency rule. Even if it were not an accurate statement of the law, as claimed by the plaintiff, the jury could not have been misled, and the alleged error was not prejudicial.

It is next alleged that the court incorrectly charged the jury on the law applicable to parking on the highway. Particularly, plaintiff contends that the court did not charge the jury that parking on the highway is negligence if it is practical to drive off the paved or main traveled portion of the highway.

The court charged the jury that:

"Outside of the limits of any city and village it

shall be unlawful to stop, park or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it it is practicable to stop, park or leave such vehicle off such part of said highway." *

The court amplified the statute in other portions of the charge, but gave no further amplification of the practicability of parking off the paved portion of the highway after the defendant's lights had gone out. There was no necessity to do so, the statute being self-explanatory and unambiguous.

The appellant's final contention is that the court erred in refusing to instruct the jury that:

"If you find in this case that the defendant turned to the right then you are charged that the driver of plaintiff's car had a right to assume that the defendant would continue on his course and drive off the pavement, that the defendant would not turn back or straighten out the course of his direction and suddenly stop without giving an intelligible signal. The driver of the plaintiff's truck had a right to assume that the defendant would not stop on the pavement without giving a signal."

In support of his contention the plaintiff cites *Torbert* v. *Smith's Estate,* 250 Mich 62; *Morton* v. *Peterman,* 291 Mich 442; *Brown* v. *Tanner,* 281 Mich 150; *Bunker* v. *Reid,* 255 Mich 536; and *Schmidt* v. *Willbrant,* 313 Mich 450.

In the cases cited by the appellant, the question before us was whether a driver has the duty to anticipate that others will unlawfully and without warning enter into his path. We answered that a driver has a right to assume that others will obey the law under those circumstances. In none of the cited cases were the vehicles traveling in the same

* CL 1948, § 256.326 (Stat Ann 1947 Cum Supp § 9.1586), now PA 1949, No 300, § 672 (CL 1948, § 257.672 [Stat Ann 1949 Cum Supp § 9.2372]).

direction. A moment's reflection will illustrate the difference between the cited cases and the instant case. The rules of the road are a balance of two conflicting public interests. The first is safety, and the second is the speedy and efficient flow of traffic. In the cited cases we emphasized the second interest, and this conforms with common experience. If the driver of a vehicle on a through highway could not anticipate that everyone would obey the law, he would be forced to slow down at every intersection, even though his highway was favored, and he would be forced to protect himself against every approaching vehicle, for it might suddenly swerve into his path. A rule of this kind could slow traffic to a standstill, and the public convenience in these cases outweighs the occasional accident that results from this lower degree of care.

However, in the instant case, where 2 vehicles are traveling in the same direction, the legislature has placed safety foremost and has prescribed a higher degree of care. In interpreting an identical assured clear distance statute, another court said:

"The statute is a safety regulation and imposes upon the operator of a motor vehicle at all times the unqualified obligation to be able to stop his car within the distance that discernible objects may be seen. By force of the statute the motorist may therefore assume nothing that is not assured to him by the range of his vision." *Smiley* v. *Arrow Spring Bed Co.,* 138 Ohio St 81 (33 NE2d 3, 133 ALR 960).

Underhill's assured clear distance ahead was never greater than to the rear of the defendant's truck. When the defendant's lights went out he was in obvious difficulty, and it is questionable whether Underhill could assume that Steele would follow any predictable course of conduct. As a matter of law Underhill had no right to assume that Steele would

continue off the highway. As to whether he was negligent in so assuming was a question to be answered by the jury and it was properly left to their consideration. Reading the charge as a whole, we find no error.

The order of the trial court is affirmed. Costs to the appellee.

REID, C. J., and BOYLES, NORTH, DETHMERS, CARR, BUSHNELL, and SHARPE, JJ., concurred.